# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL BRIAN PUTMAN,

        Defendant-Appellant.

FOR PUBLICATION
February 19, 2015
9:05 a.m.

No. 318788
Wayne Circuit Court
LC No. 13-005448-FC

Before: MURRAY, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of assault with intent to murder, MCL 750.83, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, armed robbery, MCL 750.529, and second-degree murder, MCL 750.317. Defendant was sentenced to 15 to 30 years' imprisonment for each of his assault with intent to murder convictions, two years' imprisonment for his felony-firearm conviction, 15 to 30 years' imprisonment for his armed robbery conviction, and 25 to 50 years' imprisonment for his second-degree murder conviction. For the reasons explained in this opinion, we affirm.

Defendant first contends that the trial court erred when it did not properly administer the oath to testify truthfully to the witnesses as required by MCL 600.1432(1). Further, defendant asserts that this failure by the trial court resulted in a violation of his Sixth Amendment right to confrontation and that trial counsel was ineffective for failing to object to the form of the oath.

Defendant did not object to the form of the oath given to the witnesses at trial. Thus, the issue is unpreserved. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order for defendant to avoid forfeiture under the plain error standard, he must show that (1) an error occurred, (2) the error was plain, clear or obvious, (3) and the plain error affected substantial rights. *Id*. The third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings. *Id*.

Under MCL 600.1432 and MCL 600.1434, witnesses in judicial proceedings must swear or affirm that their testimony will be true. *Donkers v Kovach*, 277 Mich App 366, 369; 745 NW2d 154 (2007). The typical manner for administering oaths is set forth in MCL 600.1432(1), which provides:

-1-

The usual mode of administering oaths now practiced in this state, by the person who swears holding up the right hand, shall be observed in all cases in which an oath may be administered by law except as otherwise provided by law. The oath shall commence, "You do solemnly swear or affirm".

There are exceptions to this general rule, including MCL 600.1434, which provides that "[e]very person conscientiously opposed to taking an oath may, instead of swearing, solemnly and sincerely affirm, under the pains and penalties of perjury." Moreover, the administration of oaths and affirmations is a purely procedural matter, and it thus falls within the authority of our Supreme Court to promulgate rules governing the practices and procedures for administering oaths. *Donkers*, 277 Mich App at 373, citing Const. 1962, art 6, § 5. To this end, MRE 603 provides:

Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so.

Comparing MRE 603 to the identical language of its federal counterpart, FRE 603, this Court has concluded that "no particular form or language is necessary when swearing or affirming to testify truthfully" in accordance with MRE 603. *Donkers*, 277 Mich App at 372-373. "As the plain language of MRE 603 makes clear, no particular ceremonies, observances, or formalities are required of a testifying witness so long as the oath or affirmation 'awaken[s]' the witness's conscience and 'impress[es]' his or her mind with the duty to testify truthfully." *Id.* at 373 (alteration in original). See also *People v Ramos*, 430 Mich 544, 548; 424 NW2d 509 (1988). Because the administrations of oaths and affirmations is a purely procedural matter, to the extent MRE 603 conflicts with MCL 600.1432 and MCL 600.1434, MRE 603 must prevail over the statutory provisions, meaning that no specific formalities are required of an oath or affirmation. *Donkers*, 277 Mich App at 373. Thus, witnesses need not raise their right hands when taking an oath to testify truthfully and such oaths need not be prefaced with any particular formal words. See *id.* at 372-373.

In the present case, the trial court asked each witness, including defendant's own witnesses, if they promised to testify truthfully or some similar variation of that question.[1] Each witness answered the trial court's question in the affirmative. This oath was sufficient to awaken the witnesses' consciences and impress the witnesses' minds with the duty to testify truthfully. Therefore, no plain error occurred.[2]

---

[1] For example, the trial court asked Stephen Lewis, "[C]an I get a promise that you will testify truthfully, please?" and the trial court stated to Donald Davie, "I need you to promise that the testimony that you're going to give will be accurate and truthful. So, do you promise?"

[2] Similarly, insofar as defendant claims the oaths administered to the witnesses somehow deprived him the constitutional right to confront the witnesses against him, his claim is without merit. The constitution does not require a particular form of oath, *United States v Armijo*, 5 F3d

On appeal, defendant also maintains that defense counsel rendered ineffective assistance by failing to object to the oath administered by the trial court. This argument lacks merit, however, because counsel is not ineffective for failing to raise meritless or futile objections. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012). Any objection by counsel to the oaths administered would have been meritless because, as stated above, the oath administered to the witnesses was sufficient to awaken the witnesses' consciences and impress the witnesses' minds with the duty to testify truthfully. Thus, counsel's failure to raise a meritless objection to the oaths did not deny defendant the effective assistance of counsel. See *id.*

Defendant next argues that he was denied the opportunity to confront witnesses against him when a police officer testified about information received from an anonymous tipster. Defendant failed to object to this testimony at trial, meaning defendant's confrontation clause claim is unpreserved and reviewed for plain error affecting his substantial rights. *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). In the alternative, defendant argues that trial counsel was ineffective for failing to object to the use of this alleged testimonial hearsay. Because defendant failed to move for a new trial or a *Ginther*[3] hearing, our review of this ineffective assistance argument is limited to mistakes apparent on the record. *Id.*

"Both the United States and Michigan constitutions guarantee a criminal defendant the right to confront the witnesses against him or her." *People v Garland*, 286 Mich App 1, 10; 777 NW2d 732 (2009), citing US Const, Am VI; Const 1963, art 1, § 20. The Confrontation Clause prohibits the admission of out-of-court statements that are testimonial in nature, unless the declarant was unavailable at trial and the defendant had a prior opportunity to cross-examine the declarant. *Chambers*, 277 Mich App at 10, citing *Crawford v Washington*, 541 US 36, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004). The Confrontation clause does not, however, bar the use of out of court testimonial statements for purposes other than establishing the truth of the matter asserted. *People v Henry (After Remand)*, 305 Mich App 127, 153; 854 NW2d 114 (2014). "[A] statement offered to show the effect of the out of court statement on the hearer does not violate the Confrontation Clause." *Id.* at 153-154 (citation omitted). "Specifically, a statement offered to show why police offers acted as they did is not hearsay." *Chambers*, 277 Mich App at 10.

In this case, Detroit Police Officer Steven Ford testified that he received a tip through Crime Stoppers that the individual who shot the victim was named "Mike" and that he "lived on Central." Acting on this information, Officer Ford did more investigating and discovered that defendant fit the description of the tip. Officer Ford then placed defendant's photograph in an array which was shown to several witnesses to the shooting. In this context, it is clear that the tipster's statement was not elicited from Officer Ford to prove the truth of the tipster's statement, i.e., that "Mike" committed the murder; rather, it was used to explain why Officer Ford put a photograph of defendant in the photographic array. Because the Confrontation Clause does not prevent the use of out of court testimonial statements to show why a police officer acted as he did, the admission of this testimony did not violate defendant's right of confrontation and he has not shown plain error. See *id.* at 10-11. Furthermore, because the testimony in question did not

1229, 1235 (CA 9 1993), and defendant had every opportunity to cross-examine the witnesses presented at trial.

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

violate the Confrontation Clause, any objection on this basis would have been futile, and defense counsel is not ineffective for failing to make a futile objection. *Eisen*, 296 Mich App at 329. In short, defendant was not denied his right of confrontation and he was not denied the effective assistance of counsel.

Next, in a Standard 4 brief, defendant contends he was denied the effective assistance of counsel. In particular, defendants contends that counsel rendered ineffective assistance by failing to call defendant's brother as a witness, failing to object to testimony that Officer Ford obtained defendant's name from CRISNET, and failing to properly cross-examine witnesses.

Because defendant failed to move for a new trial or a *Ginther* hearing, our review of his ineffective assistance claim is limited to mistakes apparent on the record. *Chambers*, 277 Mich App at 10. To establish ineffective assistance of counsel, the defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). "A defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id.* at 81. Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise. *Eisen*, 296 Mich App at 329. Defendant also bears the burden of establishing the factual predicate for his claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Decisions regarding whether to call or question a witness are presumed to be matters of trial strategy. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Trial counsel's failure to a call a witness is only considered ineffective assistance if it deprived defendant of a substantial defense. *Id.* A substantial defense is one that may have affected the outcome of the trial. *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994). Likewise, decisions regarding what evidence to present, what evidence to highlight during closing argument, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). This Court will not "second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *Russell*, 297 Mich App at 716.

Defendant first contends that trial counsel was ineffective for not calling defendant's brother as a witness. Defendant contends that his brother would have testified that he was in possession of defendant's cellular telephone on the night of the shooting, which is why defendant's cellular telephone registered at the cell tower located on Central Avenue, within a close proximity to the scene of the crime and quite a distance from the house where defendant claimed to be at the time of the shooting. This argument must fail, however, because the record is devoid of any indication regarding the potential testimony of defendant's brother. Particularly, nothing in the record suggests that defendant's brother would have testified that he was in possession of defendant's cellular telephone on the night of the shooting. Consequently, defendant has failed to establish the factual predicate for his claim, and he has not overcome the presumption that his counsel's decision was a matter of sound trial strategy. Further, defendant has not shown that the failure to call defendant's brother as a witness denied him a substantial defense because defense counsel in fact presented two alibi witnesses who testified that

defendant was not in the area of the murder. On the record presented, defendant has not shown that the failure to call his brother as a witness constituted ineffective assistance.

Defendant next contends that trial counsel was ineffective for failing to "challenge the prosecution's witnesses for truthfulness, accuracy and contradiction concerning testimony given." In particular, defendant argues that trial counsel was ineffective for failing to "stress" to the jury that, upon viewing an earlier photographic array, Donald Davie misidentified someone other than defendant as the shooter. Defendant likewise contends that counsel was ineffective for failing to reveal the bias Layman Giddings held against defendant, and that trial counsel was ineffective for failing to discredit Stephen Lewis's version of the events. Defendant's arguments in this regard are factually unsupported. The record demonstrates that trial counsel thoroughly cross-examined Davie regarding his misidentification of Michael Terry and discussed the issue during closing arguments, plainly bringing this issue to the jury's attention. Further, defendant's counsel questioned Giddings regarding his bias against defendant, prompting Giddings to admit that he told police he "never liked" defendant. Similarly, trial counsel thoroughly cross-examined Lewis regarding his testimony as to how the shooting occurred. Particularly, defense counsel impeached Lewis's testimony with a prior inconsistent statement Lewis made to police, and highlighted those inconsistencies during closing arguments. We see nothing unreasonable in defense counsel's performance in this regard. Moreover, on the record presented, it is not probable that additional questioning on these issues would have altered the trial's outcome, given that there were ultimately several eyewitnesses who identified defendant as the shooter and that his cellular telephone placed him in close proximity to the scene. Defendant has not shown that he was denied the effective assistance of counsel.

Defendant also contends that he was denied the effective assistance of counsel for failing to object to Officer Ford's testimony that he found defendant's information on the CRISNET reporting system. Apart from the unsubstantiated and undeveloped assertion that Officer Ford's use of CRISNET was somehow "discriminatory" and "illegal[]," defendant has failed to specify on which ground counsel should have objected, meaning his claim in this regard may be considered abandoned. See *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001). Indeed, defendant has not advanced any basis upon which counsel could have objected or explained why the testimony was improper. In such circumstances, defendant has not shown that trial counsel's performance fell below an objective standard of reasonableness or that, but for counsel's performance, there was a reasonable probability of a different outcome. He was not denied the ineffective assistance of counsel.

Defendant also asserts that he is entitled to reversal of his armed robbery conviction because the jury verdict was inconsistent. Specifically, defendant claims that the jury rendered an inconsistent verdict by convicting defendant of armed robbery and second-degree murder while at the same time acquitting defendant of first-degree felony murder. Even assuming inconsistency, defendant is not entitled to relief because inconsistent verdicts within a single jury trial are permissible and do not require reversal. *People v Wilson*, 496 Mich 91, 100-101; 852 NW2d 134 (2014). "[J]uries are not held to any rules of logic nor are they required to explain their decisions." *Id*. at 101 (citation omitted). Although defendant complains of a purported inconsistency, he makes no effort to establish that the jury was confused, that they misunderstood the instructions, or that the jury engaged in an impermissible compromise. See *People v Lewis*, 415 Mich 443, 450-452 & n 9; 330 NW2d 16 (1982); *People v McKinley*, 168

Mich App 496, 510-511; 425 NW2d 460 (1988). In such circumstances, inconsistent verdicts within a single jury are permissible, and defendant is not entitled to reversal of his convictions. See *Wilson*, 496 Mich at 100-101.

Affirmed.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder