# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 15, 2016

v

JAYVONTAY DENEL REED,

Defendant-Appellant.

No. 327502
Ingham Circuit Court
LC No. 14-000649-FC

Before: BECKERING, P.J., and HOEKSTRA and OWENS, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction for three counts of armed robbery, MCL 750.529, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and possession of a firearm by a felon (felon-in-possession), MCL 750.224f. The trial court sentenced defendant as a habitual offender, third offense, MCL 769.11, to concurrent sentences of 270 to 450 months' imprisonment for each armed robbery conviction, 24 to 60 months for the felon-in-possession conviction, and a consecutive sentence of 24 months for the felony-firearm conviction. Because defendant has not shown that a police officer's identification of defendant in a surveillance video constituted plain error and defendant was not denied the effective assistance of counsel, we affirm defendant's convictions. However, because required judicial fact-finding at sentencing increased defendant's mandatory minimum sentence range, we remand for *Crosby*[1] proceedings.

On December 12, 2013, three men robbed a marijuana dispensary in Lansing, Michigan. While one man wore a mask and another wore a mask during part of the robbery, the third was unmasked. Surveillance footage of the robbery and still photographs taken from the video were admitted into evidence at trial. Two of the victims identified defendant as the unmasked robber at trial and one of those victims identified defendant in a lineup before trial. In addition, Lansing Police Department Detective Lee McCallister, who had previous dealings with defendant, identified defendant as one of the three robbers shown in the surveillance footage. The jury convicted defendant as noted above. Defendant now appeals as of right.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

# I. LAY TESTIMONY

On appeal, defendant argues that Detective McCallister's testimony identifying him in the surveillance video was impermissible lay testimony. Specifically, relying on *People v Fomby*, 300 Mich App 46; 831 NW2d 887 (2013), defendant maintains that Detective McCallister was in no better position to identify defendant in the video than the jury and that, in such circumstances, his lay opinion testimony improperly invaded the province of the jury.

Defendant failed to preserve this issue by objecting at trial, and our review is therefore limited to plain error affecting substantial rights. *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

MRE 701 permits the admission of lay opinion testimony as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. [MRE 701.]

When considering the admissibility of lay opinion testimony, it must also be remembered that "a witness cannot express an opinion on the defendant's guilt or innocence of the charged offense." *Fomby*, 300 Mich App at 53 (citation omitted). Further, "where a jury is as capable as anyone else of reaching a conclusion on certain facts, it is error to permit a witness to give his own opinion or interpretation of the facts because it invades the province of the jury." *People v Drossart*, 99 Mich App 66, 80; 297 NW2d 863 (1980).

It follows that, if a jury is equally capable of identifying an individual shown in a photograph or video, typically a lay witness may not identify a defendant as the individual depicted because such testimony would invade the province of the jury. See *Fomby*, 300 Mich App at 52-53. In contrast, if a witness is better situated than the jury to correctly identify the individual shown in the video or photograph, such lay opinion testimony does not invade the province of the jury. See *id.*, citing *United States v LaPierre*, 998 F2d 1460, 1465 (CA 9 1993). For example, the *LaPierre* Court offered two illustrations of when a lay witness might identify a defendant in a video or photograph at trial without invading the province of the jury. The Court explained:

> Our cases upholding the use of testimony of this type have been limited to two types. The first type is those in which the witness has had substantial and sustained contact with the person in the photograph. . . . The second type is those in which the defendant's appearance in the photograph is different from his appearance before the jury and the witness is familiar with the defendant as he

appears in the photograph. [*LaPierre*, 998 F2d at 1465. See also *United States v Dixon*, 413 F3d 540, 545 (CA 6 2005).]

The "common thread" binding these types of cases is that "there is reason to believe that the witness is more likely to identify correctly the person than is the jury." *LaPierre*, 998 F2d at 1465. See also *Fomby*, 300 Mich App at 52.

In this case, the admission of McCallister's testimony did not constitute plain error. Detective McCallister testified that he had several contacts with defendant prior to the robbery, some of which involved face-to-face contact, and that he sometimes observed defendant and his interactions in the community. Thus, the evidence showed that Detective McCallister was familiar with defendant's appearance as a result of substantial contacts with defendant. Most notably, Detective McCallister also explained how defendant's appearance at trial differed from that in the video and photographs. At trial, defendant had longer hair with braids and facial hair, consisting of a partial beard around his chin. In contrast, based on his previous contract with defendant, McCallister testified that defendant previously had shorter hair without braids and he had no facial hair. Cf. *United States v Barrett*, 703 F2d 1076, 1086 (CA 9 1983). This testimony provided the jury with an explanation as to why defendant appeared different on the day of trial than he did in the video and photographs depicting the robbery, and it thus aided the jury's consideration of the surveillance video and photographs. In other words, because Detective McCallister was familiar with the defendant as he appeared in the surveillance video and photographs, he was "more likely to identify correctly the person than [was] the jury." *LaPierre*, 998 F2d at 1465. Consequently, his testimony did not invade the province of the jury and his lay opinion testimony, which was rationally based on his perceptions and helpful to the jury's determination of a material issue, was properly admitted under MRE 701. See *Fomby*, 300 Mich App at 53.

In any event, even assuming some error, defendant has failed to demonstrate that Detective McCallister's testimony affected the outcome of the proceeding. Two eyewitnesses to the robbery identified defendant and the jury viewed the surveillance video from the time of the robbery. Cf. *United States v White*, 639 F3d 331, 336 (CA 7 2011). On these facts, Detective McCallister's testimony was not outcome determinative and its admission did not affect defendant's substantial rights.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that his trial counsel was ineffective for failing to object to Detective McCallister's identification of defendant in the surveillance video. Defendant's claim is unpreserved and reviewed for mistakes apparent on the record. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). "To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012).

In this case, as we have discussed, Detective McCallister's testimony did not invade the province of the jury and it was properly admitted under MRE 701. Any objection by counsel

-3-

would have been futile, and counsel is not considered ineffective for failing to raise a futile objection. *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015). Moreover, given the eyewitness identification of defendant and the jury's opportunity to view the surveillance footage of the robbery, defendant has not shown that, but for counsel's failure to object to Detective McCallister's testimony, there was a reasonable probability of a different outcome. See *Heft*, 299 Mich App at 81. Thus, defendant's ineffective of counsel claim is without merit. See *id.*

## III. *LOCKRIDGE*

Finally, defendant argues that the trial court engaged in judicial fact-finding regarding the scoring of offense variables (OV) 3, 4, 9, 14, 16, and 19 and that this judicial fact-finding increased defendant's minimum sentencing range under the Legislative guidelines. According to defendant, he is entitled to resentencing because the trial court was operating under an incorrect legal framework to the extent the court treated the guidelines as mandatory. Alternatively, defendant maintains that, at a minimum, he is entitled to a *Crosby* remand.

Recently, the Supreme Court held that Michigan's sentencing guidelines violate the Sixth Amendment to "the extent to which the guidelines *require* judicial fact-finding beyond the facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015). To remedy this defect, the Court held that Michigan's sentencing guidelines scheme is advisory, not mandatory. *Id.* at 399. Following *Lockridge*, "where, as here, a trial court was not aware at the time of sentencing that the sentencing guidelines were advisory, we consider whether OVs were scored based on facts necessarily found by the jury or admitted by defendant, and whether, applying *Lockridge,* a remand is required." *People v Jackson (On Recon)*, 313 Mich App 409, 433; 884 NW2d 297 (2015).

In this case, defendant argues, and the prosecution concedes, that the scoring of several OVs involved judicial fact-finding. This judicial fact-finding resulted in an increase of defendant's minimum sentence range from 135-337 months to 270-675 months. See MCL 777.62; MCL 777.21(3)(b). The trial court sentenced defendant within this increased range to 270 to 450 months' imprisonment. See *Lockridge*, 498 Mich at 395 & n 31. Because the trial court relied on facts that were neither found by the jury nor admitted by defendant, and because the judicially-found facts resulted in an increased minimum sentence range, defendant's Sixth Amendment right to a jury was violated. See *People v Stokes*, 312 Mich App 181, 194; 877 NW2d 752 (2015).

In terms of the appropriate remedy for this violation, defendant's assertion that he is entitled to resentencing is without merit. Defendant preserved his judicial fact-finding claim by filing a motion to remand for resentencing in this Court. See *People v Terrell*, 312 Mich App 450, 464 n 40; 879 NW2d 294 (2015). The appropriate remedy for a preserved Sixth Amendment claim involving *Lockridge* is a *Crosby* remand to determine whether the trial court would have imposed a materially different sentence knowing that the guidelines were "merely advisory." *Stokes*, 312 Mich App at 201. See also *Terrell*, 312 Mich App at 466 ("[T]he *Crosby* procedure would apply to both preserved and unpreserved errors."). Consequently, we remand

for *Crosby* proceedings as described in *Lockridge*, 498 Mich at 395-398. See *Stokes*, 312 Mich App at 199-203.

We affirm defendant's convictions, but we remand for *Crosby* proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Joel P. Hoekstra
/s/ Donald S. Owens