# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEVEN ALLEN SEAY, JR.,

Defendant-Appellant.

UNPUBLISHED
August 22, 2017

No. 332004
Genesee Circuit Court
LC No. 15-037253-FH

Before: TALBOT, C.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b, carrying a concealed weapon, MCL 750.227, felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and driving with a suspended license, MCL 257.904. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to five years' imprisonment for the felony-firearm conviction and 31 days' incarceration for the four remaining convictions. Defendant was also sentenced to three years' probation for the carrying a concealed weapon, felon in possession of a firearm, and felon in possession of ammunition convictions. We affirm.

Defendant first contends that evidence of the pills recovered at the time of his arrest denied him the right to a fair trial and violated both MRE 404(b) and MRE 403. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Douglas*, 496 Mich 557, 574; 852 NW2d 587 (2014) (citations omitted). Generally, the party must object at the time of admission of the alleged improper evidence. *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004).

Defendant contends that the baggie of pills was admitted into evidence over defendant's objections. However, as the lower court record reflects, defendant objected to the admission of the pills on the ground of MRE 401, which is not the issue raised on appeal before this Court. Rather, defendant cites violations of MRE 404(b) and 403 in his issue on appeal. As stated *supra*, the objection at the trial court must "specify the same ground" for objection raised on appeal in order to be preserved. *Douglas*, 496 Mich at 557. Thus, this issue is unpreserved.

-1-

Further, defendant asserts that the prosecution improperly "associated the gun with the pills as being hidden in the same place in the vehicle" in its closing argument. Because defendant did not object to these remarks at any time during closing argument, they remain unpreserved as well. See *Knox*, 469 Mich at 508.

This Court reviews unpreserved challenges to a trial court's evidentiary rulings for plain error affecting defendant's substantial rights. *Knox*, 469 Mich at 508. In order to show plain error, defendant must establish "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 506; 803 NW2d 200 (2011). Generally, the "third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015). Even if a defendant satisfies all three requirements, appellate reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Kowalski*, 489 Mich at 506 (quotations and citations omitted).

Generally, evidence of other crimes, wrongs, or acts is inadmissible to prove a defendant's propensity to act in conformity with such evidence. MRE 404(a). However, evidence of other crimes, wrongs, or acts may be admissible if offered for other purposes such as "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." MRE 404(b); see also *Knox*, 469 Mich at 509. In order to introduce other-acts evidence at trial, a prosecutor must establish: (1) the evidence is being offered for a nonpropensity purpose under MRE 404(b), (2) the evidence is relevant under MRE 401 and MRE 402, and (3) the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403. See *id*.

Defendant asserts that the prosecution violated MRE 404(b) and MRE 403 when it introduced the pills as evidence, and again when it discussed the pills in its closing argument. The relevant portion of the prosecution's closing argument is as follows:

> The [d]efendant gave consent to search; and the troopers found the weapons and some drugs when they popped out that console area; it's not made with the - the testimony was for that, but you can pop it out and see the floorboard; and that's where they found the gun and the drugs.

This Court first questions whether the admission of, and reference to, the pills at issue constituted other-acts evidence within the meaning of MRE 404(b) to begin with. But even assuming that introducing the pills *did* constitute other-acts evidence, this Court finds it unlikely that the trial court committed plain error affecting defendant's substantial rights when it allowed admission and discussion of the pills at issue. This is firstly because the prosecution offered a sound, nonpropensity purpose for introducing the pills as evidence upon defendant's objection at trial. The prosecution did not offer the pills as evidence speaking to defendant's character, but merely to bolster the testimony of the troopers; the troopers testified that defendant claimed possession of both the pills and the gun, which were indeed discovered in the same location of

-2-

the vehicle. The pills were ancillary, not intending to further condemn defendant, but only to speak to defendant's knowledge of the recovered items in his vehicle. Knowledge is one acceptable nonpropensity purpose as outlined in MRE 404(b), so the first requirement of introducing other-acts evidence was fulfilled. *Knox*, 469 Mich at 509.

Additionally, to introduce other-acts evidence, the prosecutor must have established the evidence was relevant and that the probative value of the evidence was not substantially outweighed by unfair prejudice. *Id*. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *People v Bass*, 317 Mich App 241; 893 NW2d 140 (2016) (quotations and citations omitted). Further, "[w]hen balancing the probative value of evidence of prior bad acts against the danger of unfair prejudice from the evidence, a court must be cognizant that propensity evidence is prejudicial by nature. However, MRE 403 does not prohibit prejudicial evidence; only evidence that is unfairly so." *Id*. The evidence at issue was relevant and not unfairly prejudicial. The pills were discovered at the same time and in the exact same place as the weapon, and according to the arresting troopers, defendant admitted to possessing both items, making the pills probative as well as relevant. It would be difficult to prove that the admission or discussion of the pills was unfairly prejudicial, because if the jury believed the testifying troopers' account that defendant admitted the pills were his, it would stand to reason that the jury took as truth the troopers' testimony that defendant claimed possession of the weapon as well—with or without the acknowledgment of the pills. Finally, even if this Court found admission and discussion of the pills constituted improper character evidence, it did not amount to plain error affecting defendant's substantial rights. This is because defendant on appeal failed to make a showing of prejudice as to the error, or that the error was outcome-determinative. See *Putman*, 309 Mich App at 243. Without this showing of prejudice, defendant's substantial rights were not affected, and the convictions do not require reversal. *Id*.

Defendant's argument on this issue as pertaining to MRE 403 is also without merit. This Court has held that "MRE 403 does not prohibit prejudicial evidence; only evidence that is unfairly so. Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Bass*, 317 Mich App 241 (quotations and citation omitted). Even if the introduction and admission of, and subsequent reference to, the pills were prejudicial, there is no evidence showing it was unfairly so. Nor was there any indication that the baggie of pills amidst a great deal of evidence admitted against defendant—or a single sentence about them in the prosecution's closing argument—was given any undue weight by the jury. As discussed *supra*, if the jury gave credence to the troopers' account of what defendant said about the pills, it likely would have given the same authority to the testimony about defendant's admission of taking the gun, regardless of what was said about the pills. Therefore, the prosecution did not violate MRE 403 in this regard.

Defendant also argues that the prosecution's closing remarks were intentionally made, not only to suggest that defendant was a "bad person," but also to "intentionally boost the so-called confession that defendant allegedly made when there was no audio of the statement and no credible evidence that the audio system was, in fact, defective." This theory bears no weight on this Court under appellate review. To suggest that the troopers were lying in their testimony about defendant's conversation with them upon arrest is to question witness credibility. Plainly

stated, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Therefore, this meritless argument fails to support any of defendant's overarching claims on appeal, which are all unconvincing, as discussed *supra*. As such, defendant failed to establish plain error on behalf of the trial court, and his convictions do not require reversal.

Defendant next contends that the prosecution committed misconduct when it improperly accused defendant of lying about his past criminal convictions. We disagree.

Generally, a claim of prosecutorial misconduct is a constitutional issue that is reviewed de novo, but a trial court's factual findings are reviewed for clear error." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). However, this Court reviews unpreserved claims of prosecutorial misconduct for plain error affecting substantial rights. *People v Gaines*, 306 Mich App 289, 308; 856 NW2d 222 (2014). In order to show plain error, defendant must establish "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *Kowalski*, 489 Mich at 506. Generally, the "third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *Putman*, 309 Mich App at 243. Even if a defendant satisfies all three requirements, appellate reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Kowalski*, 489 Mich at 506 (quotations and citations omitted).

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *Brown*, 279 Mich App at 134. Defendant bears the burden of establishing that such an error occurred, and that it resulted in a miscarriage of justice. *Id*. "[A]llegations of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Further, this Court should evaluate the prosecution's comments "in light of [defendant's] arguments and the relationship of these comments to the admitted evidence." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

Notably, the prosecution is generally allowed "great latitude regarding [its] arguments and conduct at trial." *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010). And though the prosecution "may not make a statement of fact to the jury that is unsupported by the evidence" during closing argument, it is "free to argue the evidence and all reasonable inferences arising from it as they relate to the prosecution's theory of the case[.]" *People v Schumacher*, 276 Mich App 165, 178-179; 740 NW2d 534 (2007).

Defendant takes issue on appeal with the following portion of the prosecution's closing argument:

The [d]efendant in this case - when you look at the jury instructions, the [d]efendant in this case has the biggest stake of all in this, right, when you look at - when you look at does anybody have any special reason to lie, any special reason to tell the truth. He told you that he had a Larceny from a Motor Vehicle and an Unarmed Robbery; and when I tried to talk to him about those being

-4-

crimes of theft or dishonesty, you know that - you can remember his answers there, too - at first he said no, until I started talking to him about it; and then he admitted that those, yes, were crimes of theft or dishonesty. And the reason we can get into these things is to show you those go to credibility, all right. Those go to - not whether or not he's a bad person, but they go to the credibility issue once you take the stand, okay. So that's why we went into all of those things. You can consider those things when you're considering who's telling the truth and who is not.

This particular discussion during the prosecution's closing argument was in response to the prosecution's exchange with defendant on cross-examination. In hindsight, upon consideration of the aforementioned exchange predicating these closing argument remarks, it is easy to see that it was not defendant's intention to lie about his criminal record. He readily admitted his past convictions to his lawyer on direct examination, and he admitted to them individually when the prosecution clarified its inquiry. He simply misunderstood the prosecution's question and thought it implied there existed a crime entitled "dishonesty," rather than constituting a category of convictions. So the prosecution on appeal is correct when it admits that *some* error was committed in its closing argument at trial.

However, as this Court has held, the prosecution is "free to argue the evidence and all reasonable inferences arising from it" in its closing argument. *Schumacher*, 276 Mich App at 179. It may be reasonable, in light of the heated exchange, that the prosecution truly inferred that defendant intended to be untruthful about his prior convictions. Further, defendant on appeal failed to demonstrate that any error amounted to prejudice, or was outcome-determinative. Though defendant contends that the "false representation that [defendant] lied during cross-examination could have easily tipped the scales against him," we find it unlikely that in light of all the evidence against him, the inference that defendant lied about his prior convictions would turn the tide of the case. The jury had already heard defendant admit to his prior convictions during direct examination. It likely could have suspected reasons for defendant's miscommunication with the prosecution and made its own inferences. Moreover, the jury had a well of evidence against defendant to draw from when making its conclusions. It heard that defendant was the primary driver of the Tahoe; that the vehicle's registered owner had never seen nor handled the firearm in question; that the gun in fact belonged to defendant's cousin, and that defendant was aware of this at the time of trial; and, despite the curious absence of audio recording, the jury heard the troopers' testimony that defendant admitted to possessing the contraband found below the console insert. Any one of these pieces of evidence may have been enough to find for a guilty verdict; thus, it is unconvincing that the prosecution's remarks at issue likely tipped the scales against defendant. Therefore, defendant's convictions do not require reversal.

Affirmed.

/s/ Michael J. Talbot
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens