*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 25, 2020

Plaintiff-Appellee,

v

No. 345053
Menominee Circuit Court
LC No. 17-003928-FH

THOMAS CARL CARR,

Defendant-Appellant.

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right his jury trial conviction of operating a motor vehicle while intoxicated, third offense, MCL 257.625(1), for which he was sentenced to serve two to five years of imprisonment, MCL 257.625(9)(c). We affirm.

## I. FACTS

Defendant crashed a car into a ditch near his home. Defendant's neighbor went to the scene of the accident and saw that the driver's side airbag had deployed and that defendant was sitting in the passenger seat. The neighbor had seen the car earlier in the day at a local bar. Next, defendant's nephew drove by the scene of the accident and stopped to investigate. Defendant's nephew asked defendant if he was okay, and defendant replied, "Yeah, get me the f**k out of here before the cops show up." Instead, defendant's nephew retrieved his mother, defendant's sister, to help. Defendant's sister drove defendant home where police officers were waiting for them.

The officers had a conversation with defendant, who stated that his niece had picked him up from a local bar and had been driving when the accident occurred. One office noticed that defendant, who smelled of intoxicants, had bloodshot eyes and held onto another vehicle for support. Defendant underwent a blood test, which revealed that his blood alcohol level was 0.210.

At trial, defendant's niece testified that she gave her car to her uncle, defendant, to repair it, and that she had not given defendant permission to run errands with it. She further testified that on the day of the accident, she was home sick and did pick up her uncle from the local bar or drive her car at all that day. Her father, defendant's brother, testified that on the date of the incident, he

was at home with his daughter and that she did not leave the house at any time on that day because she was sick.

Following a jury trial, defendant was convicted of operating a motor vehicle while intoxicated, third offense, MCL 257.625(1), for which he was sentenced to serve two to five years of imprisonment, MCL 257.625(9)(c). This appeal followed.

## II. ANALYSIS

Defendant argues that he was denied the effective assistance of counsel because counsel failed to investigate information that defendant's brother and niece smelled like marijuana at defendant's trial. Defendant further argues that counsel should have impeached these two witnesses with their prior criminal convictions. We disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Generally, we review for clear error the trial court's findings of fact and reviews de novo questions of law. *Id*. at 188. However, because defendant's motion to remand for an evidentiary hearing was denied, no factual record was created with respect to defendant's claim, and our review is limited to mistakes apparent on the lower court record. *Id*.

"Trial counsel is presumed to have been effective, and defendant must prove otherwise." *People v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016). In order to establish ineffective assistance of counsel, a defendant must show that "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial could have been different." *Solloway*, 316 Mich App at 188. The defendant bears the burden of establishing the factual predicate for his claim. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015).

"Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy . . . ." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). We do not second-guess counsel on trial strategy, nor do we assess counsel's competence with the benefit of hindsight. *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017). Defense counsel's failure to present certain evidence does not constitute ineffective assistance of counsel unless defendant has been deprived of a substantial defense. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

Defendant asserts that an officer informed trial counsel that defendant's brother and niece smelled of marijuana on the day of defendant's trial, and that counsel should therefore have investigated their sobriety and impeached them with their prior criminal convictions. The sole factual support for his assertions are documents attached to defendant's brief on appeal: an unsigned and unsworn document purporting to be an affidavit by defendant's brother and printouts from the Criminal Justice Information Center's Internet Criminal History Access Tool (ICHAT) indicating that defendant's niece pleaded guilty to misdemeanor third-degree retail fraud in 2007, and that defendant's brother pleaded guilty in 1989, 1991, 1995, and 2001 to various controlled

substance offenses.  Even assuming that these documents constituted a proper offer of proof, our review is limited to mistakes apparent from the record.  See *Solloway*, 316 Mich App at 188.  There is no indication in the record that these witnesses smelled of marijuana or otherwise appeared to be under the influence of controlled substances at trial.  Therefore, defendant has failed to meet the burden of establishing the factual predicate for his claim.  *Putman*, 309 Mich App at 248.

Moreover, evidence of the purported convictions was presumably inadmissible for impeachment purposes because the ICHAT documents submitted on appeal indicate that each of the convictions was entered more than 10 years before trial.  See MRE 609(c) ("Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.").  "Trial counsel is not required to advocate a meritless position."  *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).  Therefore, trial counsel's performance did not fall below an objective standard of reasonableness.  *Solloway*, 316 Mich App at 188.

## III.  CONCLUSION

Defendant has not shown that he was denied effective assistance of counsel at trial. Therefore, we affirm his conviction and sentence.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan