*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 08, 2024
1:53 PM

Plaintiff-Appellee,

v

No. 365876
Wayne Circuit Court
LC No. 22-003315-01-FC

ROBERT LUCIANO URESTI,

Defendant-Appellant.

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions for armed robbery, MCL 750.529; carrying a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b; carrying a concealed weapon ("CCW"), MCL 750.227; and fourth-degree fleeing and eluding a police officer, MCL 257.602a(2). Defendant was sentenced to 12 to 30 years' imprisonment for the armed robbery conviction, five years' imprisonment for the felony-firearm conviction, one to five years' imprisonment for the CCW conviction, and one to two years' imprisonment for the fourth-degree fleeing and eluding conviction. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Saul Maldonado, the victim of an armed robbery at a gas station in Detroit, Michigan, testified that, on April 17, 2022, he went to a gas station on Michigan Avenue to buy cigarettes. As the victim was returning to his vehicle, defendant walked up behind him. The victim recognized defendant because, on one occasion, defendant had asked him for money, and the victim gave him $10. Outside of the gas station, defendant put a gun against the victim's stomach and took all of the money in his back pocket. Defendant then got on a moped and fled the scene. He was arrested the next day after a chase through an apartment complex. Officer Michael Canada entered the apartment and detained defendant outside of a bedroom. Defendant had a small firearm in the waistband of his pants. Inside the apartment bedroom, Officer Canada found a blue wallet with defendant's driver's license and hundreds of dollars. The wallet also contained another identification card and a credit card that were in other people's names.

During trial and outside the presence of the jury, defense counsel requested that the prosecutor produce the wallet that contained defendant's identification and requested the contents of the wallet be "placed into evidence." Specifically, defense counsel requested the prosecutor produce the evidence in order to question the ownership of the wallet and challenge the issue of identification. Once the jury returned, the prosecutor offered the wallet and its contents, and the court admitted the evidence. Defense counsel stated he had "[n]o objection."

Defendant was convicted and sentenced as previously noted, and this appeal followed.

## II. PROSECUTORIAL MISCONDUCT

Defendant first argues the trial prosecutor committed "prosecutorial misconduct"[1] when she introduced the contents of defendant's wallet, which contained evidence suggesting that defendant had committed other crimes. We disagree.

"To preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Isrow*, 339 Mich App 522, 529; 984 NW2d 528 (2021) (quotation marks and citation omitted). Here, defendant did not object when the prosecution introduced evidence of the wallet and its contents at trial. Indeed, defendant specifically sought the introduction of the evidence and his attorney stated he had "[n]o objection" when it was admitted. Because of defendant's request for introduction and his affirmative statement of "[n]o objection," defendant waived any challenge to the admission of the evidence or the prosecutor's alleged misconduct in introducing it. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011) (holding that "express and unequivocal indications" of approval at trial constitute the waiver of a claim); see also *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003) ("Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence, defendant has waived appellate review of this issue."). Thus, this issue has been waived, and we decline to address defendant's claim of error.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Alternatively, defendant argues that his trial counsel was ineffective for failing to object to the admission of the wallet and its contents as evidence. We disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Anderson*, 322 Mich App 622, 627-628; 912 NW2d 607 (2018) (quotation marks and citation omitted). "[A] trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *Id*. at 628.

---

[1] While the term "prosecutorial misconduct" has become a term of art, the majority of claims of error against the prosecution are "better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " *People v Jackson (On Reconsideration)*, 313 Mich App 409, 425 n 4; 884 NW2d 297 (2015), quoting *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015).

A criminal defendant's right to counsel is guaranteed by both the United States and Michigan Constitutions. See US Const, Am VI; Const 1963, art 1, § 20. However, for a defendant to prevail on a claim of ineffective assistance of counsel, he must "show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability [exists] that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Head*, 323 Mich App 526, 540; 917 NW2d 752 (2018) (quotation marks and citation omitted; alteration in original). Thus, "[e]ffective assistance of counsel is presumed, and [a] defendant bears a heavy burden of proving otherwise." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "[D]ecisions regarding what evidence to present, what evidence to highlight during closing argument, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

In the proceedings below, defense counsel explicitly requested that the prosecutor "place[] into evidence" the wallet and its contents that were found in the room searched by law enforcement. Because identification was at issue in this case, defense counsel sought to challenge the ownership of the wallet, and consequently, the identity of the perpetrator. In addition to defendant's driver's license, the wallet contained a second driver's license and a credit card, neither of which were in defendant's name. During closing argument, defense counsel argued to the jury that the wallet did not belong to defendant, and thus, the prosecution's argument regarding identification was speculative.

Defense counsel's decision to request the introduction of the wallet and its contents as evidence—and the decision that would logically follow to not object to their admission—was clearly a matter of trial strategy employed in order to challenge the issue of identification. Because decisions regarding what evidence to present is presumed to be a matter of strategy, which is not second-guessed in hindsight, see *Russell*, 297 Mich App at 716, defendant has failed to overcome the presumption that his trial counsel was effective. *Head*, 323 Mich App at 540.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett