*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH GARDINER,

Defendant-Appellant.

UNPUBLISHED
May 23, 2019

No. 339631
Macomb Circuit Court
LC No. 2016-001679-FC

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of three counts of first degree criminal sexual conduct, MCL 750.520b(1)(b) (victim age 13 to 15 plus relationship), and one count of first degree criminal sexual conduct, MCL 750.520b(2)(b) (victim under age 13/defendant over age 17). The trial court sentenced defendant to four concurrent prison terms of a minimum of 25 years to a maximum of 50 years. We affirm.

## I. BACKGROUND

The complainant notified police that she had been sexually assaulted as a child by defendant in the family home. Defendant was charged and first went to trial during May 2017. During that trial, the prosecution posed a question to the complainant whether she knew that defendant made a police report alleging her inappropriate touching of her younger sister to which she responded affirmatively. Defense counsel objected and after discussion between the parties and the trial court moved for a mistrial. The trial court declined to issue a curative instruction and declared a mistrial. Defense counsel argued that jeopardy attached but the trial court disagreed and ordered defendant's retrial.

At defendant's trial, the complainant testified that defendant sexually abused her over many years. She described the times, places, and manner of sexual assaults she suffered. The jury convicted defendant of the charged offenses.

## II. DOUBLE JEOPARDY

Defendant first argues that his retrial was barred by double jeopardy because the prosecutor committed prosecutorial misconduct intended to provoke defendant's motion for a mistrial. We disagree.

A double jeopardy challenge to a successive prosecution presents a question of law reviewed de novo. *People v Smith*, 478 Mich 292, 298; 733 NW2d 351 (2007). Whether a prosecutor intended to goad the defense into moving for a mistrial is generally a factual finding for the trial court to make and is reviewed for clear error. *People v Dawson*, 431 Mich 234, 258; 427 NW2d 886 (1988); MCR 2.613(C). A trial court's finding will be found clearly erroneous when the appellate court on review of the entire record is left with a definite and firm conviction that the trial court made a mistake. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

Both the United States Constitution, US Const, Am V, and the Michigan Constitution, Const 1963, art 1, § 15, protect an accused from successive prosecutions for the same offense once jeopardy has attached. *Smith*, 478 Mich at 298. "The state and federal constitutional guarantees are substantially identical and should be similarly construed." *People v Ackah-Essien*, 311 Mich App 13, 31; 874 NW2d 172 (2015) (citation omitted). When an accused is tried before a jury, jeopardy for purposes of the constitutional double jeopardy protections attaches at the time the jury is selected and sworn. *Id*. at 32. After jeopardy has attached and a trial ends before a verdict, the Double Jeopardy Clause may bar a second trial. *Dawson*, 431 Mich at 251. The Double Jeopardy Clause, however, does not bar all retrials where cases end prematurely. When a defendant moves for or consents to a mistrial "and the mistrial was caused by innocent conduct of the prosecutor or judge, or by factors beyond their control, or by defense counsel himself," a retrial is generally permitted on the theory that by making or consenting to the motion the accused has waived a double jeopardy claim. *Id*. at 253. An exception to the general rule of waiver exists "where prosecutorial conduct was intended to provoke the defendant into moving for a mistrial." *Id*. Our Supreme Court explained in *Dawson*:

> Retrials are an exception to the general double jeopardy bar. Where a mistrial results from apparently innocent or even negligent prosecutorial error, or from factors beyond his control, the public interest in allowing a retrial outweighs the double jeopardy bar. The balance tilts, however, where the judge finds, on the basis of the objective facts and circumstances of the particular case, that the prosecutor intended to goad the defendant into moving for a mistrial. [*Id*. at 257 quotation marks and citations omitted).]

In this case, defendant moved for and obtained a mistrial during his first trial. Consequently, to invoke the protection of the Double Jeopardy Clause he must establish from the objective facts and circumstances of the case that the prosecutor intended to provoke the defense to seek a mistrial. The trial court's determination regarding the prosecutor's intent is a factual finding that this Court reviews for clear error. *Id*. at 258.

At defendant's first trial, the prosecutor asked the complainant, "are you aware that the defendant made a police report concerning you inappropriately touching [your younger sister]

back in 2011?" The complainant answered, "I'm aware." Defense counsel promptly objected and the attorneys argued the admissibility of the evidence outside the presence of the jury. Defense counsel argued that the evidence lacked relevance and concerned a topic that the defense would not have been permitted to explore under the rape-shield statute, MCL 750.520j, which prevents the defense from introducing evidence of a victim's sexual conduct. Defense counsel also argued that the prosecutor had "opened the door" to the prohibited topic and that defendant should be permitted to interrogate the witness on the topic.

The prosecutor responded that the testimony would indicate that defendant reported the allegation to the police the day after his release on bond after his arrest on the present charges. The prosecutor contended that defendant made the allegation against the complainant to cast doubt on her credibility by claiming that she sexually assaulted her sister four years earlier. The prosecutor explained that the police and Child Protective Services investigated and interviewed the complainant's sister who denied that anything assaultive ever occurred between her and the complainant. The prosecutor argued that the timeline of events went to whether defendant sought to deflect and blame the complainant and attack her credibility in the eyes of the authorities. The prosecutor argued in part that the timing indicated that defendant falsely accused the complainant but also conceded that three weeks after defendant's initial report, defendant's wife, the mother of complainant and her sister, brought the complainant's sister to the police department where she made vague disclosures of assaults by complainant in the past. Defense counsel responded that the prosecutor opened the door and that he would have to call the complainant's sister to testify.

The trial court ruled that the evidence lacked relevance and remarked that the defense would have been precluded from introducing such evidence. The prosecutor stated that she anticipated defendant raising the defense but that if the trial continued, defense counsel would be permitted to pursue the alleged incident involving the complainant's sister. Instead, defendant moved for a mistrial because a curative instruction could not "unring the bell." The trial court initially stated that it intended to give the jury a curative instruction to disregard the question and answer because the matter lacked relevance. The trial court adjourned the trial to consider the matter.

The next day, the parties presented their arguments on defendant's motion for a mistrial. The trial court noted it was inclined to grant the motion. The prosecutor argued that the evidence had relevance to establish that defendant's false accusation demonstrated his consciousness of guilt. The trial court expressed concern because the testimony on the topic would raise an issue regarding impropriety committed by the complainant that the jury would be required to consider. The prosecutor argued that the limited nature of the inquiry to that point could be cured by an appropriate instruction. The trial court disagreed. The trial court ruled that it would grant the motion for a mistrial because the evidence lacked relevance and even if relevant, the trial would become too complicated and confusing, thus warranting exclusion of the evidence under MRE 403. After its ruling, defense counsel stated, "I would argue that prejudice has attached due to prosecutorial misconduct." The trial court specifically found that no prosecutorial misconduct occurred because the prosecutor believed the evidence relevant and admissible.

De novo review of the record establishes no objective facts or circumstances to support defendant's argument that the prosecutor intended to goad defense counsel into moving for a

mistrial. Rather, the record supports the trial court's finding that the prosecutor acted in a good-faith effort to admit evidence believed relevant to show defendant's consciousness of guilt. A defendant's exculpatory statement shown to be false can serve as circumstantial evidence of guilt. *People v Seals*, 285 Mich App 1, 5; 776 NW2d 314 (2009). Further, even if the prosecutor erred by not raising her theory of admissibility in a motion outside the presence of the jury before asking the question that sparked the mistrial motion, such error provides no basis to invoke double jeopardy protections. The United States Supreme Court has explained that ordinary error by the prosecutor is insufficient to overcome an accused's waiver of the protection under the Double Jeopardy Clause by moving for a mistrial:

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. A defendant's motion for a mistrial constitutes a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact. Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, the important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error. Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. [*Oregon v Kennedy*, 456 US 667, 675-676; 102 S Ct 2083; 72 L Ed 2d 416 (1982) (quotation marks, brackets, and citations omitted).]

Defendant's arguments that the prosecutor intended to goad a mistrial are unavailing. First, defendant argues that the prosecutor knew that the evidence she sought to admit was inadmissible because the prosecution had objected to a similar question at the preliminary examination, which had been sustained. But the prosecutor did not seek to show other sexual conduct of the complainant prohibited by MCL 750.520j. Rather, the record reflects that the prosecutor sought to show that defendant made a false report days after his arrest on the charged offenses. The prosecutor explained to the trial court that the prosecution relied on case law to support the theory that defendant's report to the police, if shown to be false, could show consciousness of guilt. The evidence in this case does not establish that the prosecutor intended to goad defendant to move for a mistrial. Therefore, defendant's obtaining a mistrial in this case served as a waiver of the protection under the Double Jeopardy Clause. See *Kennedy*, 456 US at 675-676; *Dawson*, 431 Mich at 257.

We also find no merit to defendant's further argument that the prosecutor sought to goad the defense to move for a mistrial because the first trial was not going well. Defendant contends that the complainant's testimony at the first trial contained discrepancies. De novo review of the record, however, establishes that during defendant's first trial, the complainant testified to being abused by defendant from age 11 until leaving her home at age 18, and when questioned by the prosecutor, she explained the discrepancies between her trial testimony and earlier statements. The record reflects that she testified that there were so many instances of repeated sexual abuse that it made it hard for her to pinpoint specific dates, times, and details of the numerous incidents of sexual abuse over the years. The record also establishes that the prosecutor knew in advance

that the complainant's testimony would differ from her previous statements and the prosecution took steps to deal with that in its examination of the complainant. The record does not support defendant's contention that the prosecutor intended to goad a defense motion for a mistrial. Accordingly, double jeopardy did not bar defendant's second trial.

## III. INSTRUCTIONAL ERROR

Defendant next argues that the trial court erred by instructing the jury regarding use of the complainant's alleged prior inconsistent statements. Alternatively, defendant argues that defense counsel provided him ineffective assistance by not objecting to the jury instructions. We disagree.

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." MCL 768.29. Therefore, to preserve for appellate review a challenge to a trial court's jury instructions, a party must object to or request an instruction before the trial court. *People v Carines*, 460 Mich 750, 761-763; 597 NW2d 130 (1999). An affirmative statement of satisfaction with the jury instructions, as in this case, constitutes express approval of the instructions that waives review on appeal. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). Even if imperfect, instructions do not warrant reversal if, when viewed as a whole, they fairly present the issues to be tried and sufficiently protect the defendant's rights. *People v Holt*, 207 Mich App 113, 116; 523 NW2d 856 (1994). Unpreserved claims of error are reviewed for plain error affecting substantial rights. *Carines*, 460 Mich at 763. To establish plain error, defendant must show that (1) an error occurred, (2) the error was plain, meaning clear or obvious, and (3) the error affected his substantial rights because it caused him prejudice by affecting the outcome of the case. *Id*. Reversal is warranted, however, only when the plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings independent of defendant's innocence. *Id*. at 763-764.

To preserve a claim of ineffective assistance of counsel, a defendant must move for a new trial or an evidentiary hearing[1] in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Because defendant failed to preserve his ineffective assistance claim of error, our review is limited to mistakes apparent on the trial court record. See *People v Seals*, 285 Mich App 1, 19-20; 776 NW2d 314 (2009). On appeal, defendant bears the burden of establishing that defense counsel provided ineffective assistance by showing that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted). Defendant must overcome a strong presumption that defense counsel provided effective assistance. *Seals*, 285 Mich App at 17. Further, defendant "has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

6; 594 NW2d 57 (1999). Defense counsel cannot be said to have rendered ineffective assistance by failing to raise meritless or futile objections. *People v Putnam*, 309 Mich App 240, 245; 870 NW2d 593 (2015).

In this case, defense counsel impeached the complainant with alleged prior inconsistent statements to the police and alleged inconsistent previous sworn testimony. The trial court instructed the jury using M Crim JI 4.5(1) that the complainant's prior inconsistent statements, could only be used in "deciding whether the witness testified truthfully in court." Defense counsel expressed satisfaction with the trial court's instructions. Defendant argues now that the trial court should have instructed the jury with M Crim JI 4.5(2) to differentiate between out-of-court statements and previous sworn testimony subject to cross-examination which could have been considered as substantive evidence. Alternatively, defendant argues that defense counsel provided ineffective assistance by failing to request an M Crim JI 4.5(2) instruction.

Because defense counsel expressed satisfaction with the trial court's instructions to the jury, defendant waived any error regarding the trial court's failure to read M Crim JI 4.5(2). *Kowalski*, 489 Mich at 503; see also *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Defendant fails to present any specific argument on how the jury's consideration of the complainant's alleged inconsistent testimony as substantive evidence would have resulted in a different outcome. The record reflects that defense counsel argued to the jury that it could consider the complainant's prior inconsistent statements and sworn testimony for purpose of determining her credibility. Defendant only posits that an M Crim JI 4.5(2) instruction would have made it more likely that the jury would not have believed the complainant's trial testimony. The record, however, reflects that the instructions as a whole, even if imperfect, fairly presented the issues to be tried and sufficiently protected defendant's rights. Defendant was not deprived of a defense or prejudiced by the absence of the jury instruction. Even if we were to agree that the trial court committed plain error by not so instructing the jury, defendant has failed to establish that the claimed plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings. Therefore, defendant's instructional error claim fails.

Because defendant cannot establish plain error affecting substantial rights respecting the instructions the trial court gave the jury since he has failed and cannot prove prejudice, even if he could establish that defense counsel's conduct fell below an objective standard of reasonableness, he cannot establish the prejudice prong of his ineffective assistance of counsel claim. Therefore, defendant's ineffective assistance claim in this regard also fails.

## IV. PROSECUTORIAL MISCONDUCT

Next defendant argues that the prosecutor made improper arguments that denied him a fair trial. Defendant failed to preserve his claim of prosecutorial misconduct by contemporaneously objecting and requesting a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Therefore, we review this claim for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763. Defendant also argues that defense counsel provided him ineffective assistance in this regard but he failed to preserve this claim of ineffective assistance of counsel. Consequently, our "review is limited to errors apparent on the record." *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008).

Ordinarily, claims of prosecutorial misconduct are reviewed de novo on a case-by-case basis; alleged improper remarks must be considered in context to determine whether the defendant was denied a fair and impartial trial. *Bennett*, 290 Mich App at 475. "The defendant bears the burden of demonstrating that such an error resulted in a miscarriage of justice." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). This requires a showing that "after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Brownridge* (*On Remand*), 237 Mich App 210, 216; 602 NW2d 584 (1999) (citation and quotation marks omitted).

Defendant raises two claims of misconduct concerning the prosecutor's closing argument. Defendant first argues that the prosecutor improperly commented on the credibility of Rochelle Gardiner, defendant's wife and the complainant's mother, and that the opinion statement lacked evidentiary support from which a reasonable inference could be drawn by the jury. We disagree.

It is improper for a prosecutor when arguing a case to inject his or her personal opinion or to invoke the prestige of the prosecutor's office. *People v Bahoda*, 448 Mich 261, 286; 531 NW2d 659 (1995); *Bennett*, 290 Mich App at 475 (the prosecutor must refrain from commenting on his or her personal knowledge or belief regarding the truthfulness of a witnesses). Nevertheless, prosecutors are accorded great latitude regarding their arguments and may argue the evidence and all reasonable inferences from the evidence as it applies to the prosecution's theory of the case. *Bahoda*, 448 Mich at 282. "They are free to argue the evidence and all reasonable inferences from the evidence as it relates to [their] theory of the case." *Id*. (quotation marks and citation omitted). A prosecutor may argue from the evidence or reasonable inference from the evidence that a witness is worthy or unworthy of belief. *People v Dobek*, 274 Mich App 58, 66-67; 732 NW2d 546 (2007). Also pertinent, "prosecutorial arguments regarding credibility are not improper when based on the evidence, even if couched in terms of belief or disbelief." *Unger*, 278 Mich App at 240.

The record reflects that the prosecutor argued that despite the trial court order sequestering the witnesses, because Gardiner lived with defendant, she learned the details of the complainant's testimony from defendant and had the ability to tailor her own testimony to rebut the complainant's testimony. The prosecutor pointed out in closing argument that "mom was able to provide very specific answers to very specific things . . . " that left the prosecutor with "no doubt that they had a conversation [about] testimony and what [the complainant] said after each day of trial so by the time mom got here today to testify, she had it down." The prosecutor's argument challenged the credibility of defendant's wife because she continued to live with defendant from his arrest through the trial, and although she had been excluded from the courtroom during the complainant's testimony, she appeared to have been informed about the complainant's testimony. The prosecutor's closing argument remarks, in essence, asked the jury to draw inferences from defendant's wife's testimony and determine for themselves if the evidence indicated fabrication. *Seals*, 285 Mich App at 22; *Dobek*, 274 Mich App at 66-67. The record does not support defendant's contention that the prosecutor committed misconduct by expressing confidence that defendant and his wife discussed the complainant's testimony. The jury could apply common sense and everyday experience that a husband and wife living together discuss critical events happening in their lives. See *People v McElhaney*, 215 Mich App 269,

284; 545 NW2d 18 (1996). Therefore, we find no errors apparent on the record of prosecutorial misconduct in this regard.

Defendant also claims that the prosecutor committed prosecutorial misconduct by arguing regarding the reasons for the complainant's delay in reporting the abuse. A "prosecutor cannot vouch for the credibility of [her] witnesses to the effect that [she] has some special knowledge concerning a witness' truthfulness." *Bahoda*, 448 Mich at 276. Further, a prosecutor may not argue facts that are not supported by evidence, *People v Callon*, 256 Mich App 312, 330; 662 NW2d 501 (2003), or invoke the prestige of the prosecutor's office to inject personal opinion, *Bahoda*, 448 Mich at 286.

In this case, the record reflects that the prosecutor improperly argued that the complainant's delay in reporting the abuse was consistent with delayed reports the prosecutor experienced in other cases. However, even though such remarks constitute error, we are not convinced that the error affected defendant's substantial rights. The record reflects that the complainant's testimony established several reasons explaining her delay in coming forward and disclosing the sexual abuse she suffered as a child for many years. The evidence indicated that the offenses were committed at times when no one else was present because the complainant's mother worked outside of the home and her sister was in bed. The evidence also established that the complainant experienced manipulation and control by defendant and her mother. The complainant testified that their conduct discouraged her disclosure and caused her to delay reporting the abuse.

The record also reflects that the trial court instructed the jury to decide the case based only on properly admitted evidence and told them that attorney comments are not evidence. This Court has explained that "instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements." *Seals*, 285 Mich App at 22. Further, "jurors are presumed to follow their instructions." *Unger*, 278 Mich App at 235.

The evidence at trial established defendant's guilt beyond a reasonable doubt. Defendant has not shown that the prosecutor's remarks, when viewed in the context of all of the evidence at trial, led to the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings. Accordingly, defendant's prosecutorial misconduct claims fail.

Defendant's ineffective assistance of counsel claim related to defense counsel's failure to object to the prosecutor's remarks during closing argument also fail. Even if we were to conclude that defense counsel's conduct fell below an objective standard of reasonableness, defendant has failed and cannot prove that, but for defense counsel's deficient performance, a reasonable probability exists that the outcome of his trial would have been different. *Trakhtenberg*, 493 Mich at 51. Therefore, defendant's ineffective assistance of counsel claim in this regard also fails.

## V. INEFFECTIVE ASSISTANCE - DISCOVERY

Defendant further claims that he was denied effective assistance of counsel because defense counsel failed to request inspection of privileged documents. Defendant did not present

this issue to the trial court and there was no evidentiary hearing. Consequently, appellate "review is limited to errors apparent on the record." *Unger*, 278 Mich App at 253.

To obtain an in camera inspection of privileged records, a defendant must demonstrate a good-faith belief, grounded in articulable fact, that a reasonable probability exists that the records contain material information that is favorable to his defense. *People v Stanaway*, 446 Mich 643, 650, 696; 521 NW2d 557 (1994). A broad unsupported request for privileged records for possible impeachment material does not meet this standard. *Id*. at 680-682.

Defendant concedes that he cannot establish the prejudice prong of his ineffective assistance claim in this regard because he does not know if any privileged counselling or psychological records pertaining to the complainant exist. Hence, defendant has failed and cannot show that the failure to obtain and review records resulted in the inability to discover information that likely would have affected the outcome of the trial. Therefore, defendant has not established a factual predicate for his claim that defense counsel provided him ineffective assistance in this regard.

Affirmed.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly