*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 3, 2022

Plaintiff-Appellee,

v

No. 358339
Muskegon Circuit Court
LC No. 20-001245-FH

SHANE MATTHEW LUCAS,

Defendant-Appellant.

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of malicious destruction of police property, MCL 750.377b, assaulting/resisting/obstructing a police officer, MCL 750.81d(1), and second-degree retail fraud, MCL 750.356d. Defendant appeals as of right. We affirm.

## I. FACTS

At approximately 3:00 a.m. on January 29, 2020, defendant entered a Walmart store in Roosevelt Park, Michigan. A Walmart employee saw defendant enter the store and shortly thereafter saw defendant walk toward the exit with three bottles of Captain Morgan alcohol in his arms. When she offered to get a shopping cart for him, defendant ran from the store carrying the unpurchased alcohol. The employee later identified defendant by a distinctive tattoo on his neck. The incident was recorded on Walmart's surveillance video. Walmart security personnel alerted the police regarding the incident.

Norton Shores police officer Corporal David Hoffman was on duty near the Walmart store when he saw a vehicle matching the description of the vehicle in which defendant had been seen leaving the store's parking lot. Corporal Hoffman stopped the vehicle and was joined by Roosevelt Park police officers Aaron Morse and Chad Dejong. As Officer Morse approached defendant's vehicle, he saw three bottles of alcohol bearing store security locks behind the driver's seat.

Officer Morse also observed that defendant, who was a passenger in the stopped vehicle, matched the description of the perpetrator reported by Walmart employees. Officer Morse asked defendant to step out of the car. Officer Dejong then ordered defendant several times to get into

-1-

his patrol car to return to Walmart for potential identification by the store's employees. When defendant did not comply, the officers forced defendant into the patrol car. Once inside the patrol car, defendant repeatedly kicked the door and the window, disregarding the officers' orders to stop. The officers thereafter observed that there was damage to the interior of the patrol car. Upon arriving at Walmart, the store's security staff identified defendant as the person who stole the alcohol. Officer Dejong testified that after defendant was identified by the Walmart employees, he continued to kick the doors, windows, and the seat partition of the patrol car as the officer drove him to the police station.

Defendant was convicted after a jury trial of malicious destruction of police property, MCL 750.377b, assaulting/resisting/obstructing a police officer, MCL 750.81d(1), and second-degree retail fraud, MCL 750.356d. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve 3 to 15 years in prison for the malicious-destruction conviction, a concurrent term of 3 to 15 years for the assaulting/resisting/obstructing conviction, and fines and costs for the conviction of second-degree retail fraud. Defendant now appeals.

## II. DISCUSSION

### A. RESISTING & OBSTRUCTING/MALICIOUS DESTRUCTION

Defendant contends that his conviction of resisting/obstructing should be overturned and dismissed because he was justified in resisting the unlawful command by the police officers to participate in a show-up. We disagree.

We note that because the prosecution was required to establish that the officers were acting lawfully as an element of the crime of resisting and obstructing a police officer, defendant's challenge is essentially a challenge to the sufficiency of the evidence. We review de novo a challenge to the sufficiency of the evidence, reviewing the evidence presented at trial to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Byczek*, 337 Mich App 173, 182; 976 NW2d 7 (2021).

Resisting or obstructing a police officer is prohibited under MCL 750.81d(1), which provides, in relevant part:

> an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000, or both.

To prove that a defendant resisted or obstructed a police officer in violation of MCL 750.81d, the prosecution must demonstrate that the defendant "assaulted, battered, wounded, restricted, obstructed, opposed, or endangered a police officer," while knowing, or having reason to know, that the person was a police officer performing his or her duties. *People v Morris*, 314 Mich App 399, 413-414; 886 NW2d 910 (2016). The prosecution also is required to establish as an element of resisting and obstructing a police officer that the officer acted lawfully. See MCL 750.81d(7)(a); *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012). That is, a person does

not have the right to resist or obstruct the lawful actions of a police officer, but resisting an unlawful arrest is not a crime. See *id*. at 57-58.

Show-up identifications have long been considered inherently suggestive and therefore lacking in reliability. *People v Sammons*, 505 Mich 31, 41-42; 949 NW2d 36 (2020). However, "the admission of evidence of a show-up without more does not violate due process." *Neil v Biggers*, 409 US 188, 198; 93 S Ct 375; 34 L Ed 2d 401 (1972). Typically, a defendant's challenge to an identification during a show-up is that the identification lacks reliability; if a defendant successfully challenges a show-up identification as unreliable, the remedy is suppression of the identification evidence at trial. See *Sammons*, 505 Mich at 42.

In this case, defendant does not contend that the show-up identification was unreliable, but instead argues that it was unlawful for the officers to require him to participate in a show-up. Defendant argues that because show-up identifications are viewed as unreliable and often are held to be inadmissible, they are justified only when necessary, such as when a witness may not otherwise be available for a line-up. Defendant argues that in this case a show-up identification was unnecessary because there was little doubt that defendant was the perpetrator; thus, argues defendant, the officers' command that defendant get in the patrol car to participate in a show-up was not a lawful command, and he therefore was justified in resisting the command.[1]

We disagree with defendant's reasoning. Although some show-ups result in evidence that is not sufficiently reliable, it does not follow that it is unlawful for an officer to require a defendant to participate in a show-up. Show-ups have not been declared unlawful police activity; they are merely considered problematic in producing reliable identifications. Defendant has not identified authority to support his theory that it is unlawful for police officers to conduct a show-up as part of their investigation of a crime, or unlawful for an officer to require a suspect to participate in a show-up. Defendant therefore has not demonstrated that the officers acted unlawfully by compelling defendant to participate in a show-up. We also observe that a review of the record indicates that defendant continued to resist and obstruct the officers after the show-up occurred by continuing to kick the interior of the patrol car as he was transported to the police station.

Defendant similarly argues that his conviction of malicious destruction of police property should be overturned and dismissed because the property destruction occurred after defendant was given an unlawful command by police officers to participate in the show-up. Again, we disagree. Under MCL 750.377b, "[a]ny person who shall willfully and maliciously destroy or injure the personal property of any fire or police department, including the Michigan state police, shall be guilty of a felony." Unlike the crime of resisting/obstructing, in which lawful police action is an element of the offense, the crime of malicious destruction of police property does not have such a requirement. Although there is a common-law right to resist an unlawful command by a police officer, see *Moreno*, 491 Mich at 52, defendant has identified no authority to support the argument

---

[1] Of course, if defendant is correct that there was little doubt at this point he was the perpetrator, the police were justified in placing him in the patrol car for purposes of arrest, which would undermine his claims of error concerning both his resisting/obstructing and malicious destruction convictions.

that a defendant may resist a police command, even if unlawful, by maliciously destroying police property.

## B. CONCEALMENT OF EVIDENCE

Defendant contends that the prosecution concealed evidence favorable to defendant in violation of *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). We disagree.

We observe that defendant's assertion of a *Brady* violation is unpreserved. To be preserved for appeal, an issue must be raised before and considered by the trial court. *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). In this case, before the trial court defendant objected to the admission of People's Exhibit 5, which was an estimate of the repair cost for the damage to the patrol car, arguing that the exhibit was not timely disclosed by the prosecution. Defendant did not assert that the untimely disclosure was a *Brady* violation. A challenge before the trial court on one ground is insufficient to preserve a challenge on another ground on appeal. *People v Swenor*, 336 Mich App 550, 562; 971 NW2d 33 (2021). Although this Court generally reviews constitutional claims, such as an asserted *Brady* violation, de novo, we review unpreserved claims for plain error. *People v Burger*, 331 Mich App 504, 516; 953 NW2d 424 (2020).

To constitute a *Brady* violation, the prosecution must have suppressed material evidence that is favorable to the accused. *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014). To establish materiality, the defendant must demonstrate "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*., quoting *United States v Bagley*, 473 US 667, 682; 105 S Ct 3375; 87 L Ed 2d 481 (1985). " 'A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.' " *Id*., quoting *Bagley*, 473 US at 682.

Defendant's argument that the prosecution in this case violated *Brady* by making an untimely disclosure of People's Exhibit 5 is unpersuasive. It is undisputed that the prosecution produced this evidence to defendant before the trial began, although in an untimely manner. Federal authority suggests that evidence disclosed before the trial begins, even if untimely, has not been "suppressed" unless defendant can show that he or she was prejudiced by the untimely disclosure. *Norris v Schotten*, 146 F3d 314, 334 (CA 6, 1998).[2] Here, defendant has not established that he was prejudiced by the late disclosure of the exhibit. See *Chenault*, 495 Mich at 150. Further, defendant has not established that the evidence was favorable to him. See *id*. The evidence at issue was a document that purportedly established the cost to repair damage to the patrol car. Defendant does not explain how this evidence was favorable to him. In addition, defendant has failed to demonstrate materiality, meaning that defendant failed to demonstrate that the earlier disclosure of this evidence would have made a different outcome at trial a reasonable probability. See *id*. Defendant therefore has failed to establish that the tardy disclosure of the exhibit constituted a *Brady* violation.

---

[2] The decisions of lower federal courts are not binding upon this Court, but may be considered persuasive. *People v Craig*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357896); slip op at 4 n 7.

## C. OTHER ACTS EVIDENCE

Defendant contends that the trial court abused its discretion by admitting evidence of prior instances in which he committed retail fraud. We disagree.

This Court reviews de novo whether the trial court properly applied the rules of evidence. *People v McFarlane*, 325 Mich App 507, 517; 926 NW2d 339 (2018). We will not disturb the trial court's decision to admit other-acts evidence absent an abuse of the trial court's discretion; a trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes. *People v Thorpe*, 504 Mich 230, 251-252; 934 NW2d 693 (2019). Typically, a decision on a close evidentiary question is not an abuse of discretion. *Id.*

Generally, relevant evidence is admissible at trial and evidence that is not relevant is not admissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. MRE 404(b) governs the admissibility of evidence of other acts or crimes committed by the defendant, and provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1). Thus, evidence of other crimes, wrongs, or acts generally is inadmissible to prove the defendant's propensity to commit those acts. *People v Denson*, 500 Mich 385, 397-398; 902 NW2d 306 (2017).

However, evidence of other crimes, wrongs, or acts may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident. . . ." MRE 404(b)(1). To be admissible under MRE 404(b)(1), the evidence must be offered for a proper purpose under MRE 404(b), the evidence must be relevant under MRE 402, and the probative value of the evidence must not be substantially outweighed by unfair prejudice. *Denson*, 500 Mich at 398.

In this case, the prosecution offered evidence of earlier incidents in which the defendant took alcohol from a retail business and fled without purchasing the alcohol. The prosecution offered the evidence to establish proof of motive, intent, plan, scheme or system in doing the acts, absence of mistake or accident, and/or modus operandi. The trial court found that the evidence was admissible under MRE 404(b) and was not prejudicial to the defendant.

Specifically, at trial the prosecution called as a witness Vonnie Durst, who testified that on July 28, 2017, she was working as a clerk at Speedway when defendant entered the store, grabbed beer, and left the store without purchasing the beer. Similarly, Martha Eilers testified that on July 26, 2017, she was working as a greeter at a Meijer store in North Muskegon when she saw a man run from the store with alcohol that had not been purchased. Tara Mueller, a loss prevention officer at the Meijer store testified that while at work on August 1, 2017, she was reviewing video footage of the July 26, 2017 shoplifting incident when the same man again entered the store and selected a bottle of alcohol, which he tucked under his shirt. Mueller contacted the police, then attempted to stop the man. The police apprehended defendant. Mueller testified that she identified defendant as the shoplifter while he was in the patrol car and that defendant was very violent and was repeatedly kicking the windows of the patrol car.

Corporal Hoffman testified that on August 1, 2017, he responded to the call from Meijer regarding the shoplifter, and shortly thereafter apprehended defendant running away from the store. Defendant did not stop when the officers called to him to stop. After the officers apprehended defendant and placed him in the patrol car for the purpose of returning to Meijer, defendant became upset and began forcefully kicking the window of the car. Corporal Hoffman confirmed that he also was one of the officers who apprehended defendant in this case after defendant took three bottles of alcohol from Walmart on January 29, 2020.

We conclude that the evidence was properly admitted to prove defendant's scheme or plan, and a system in doing the acts. Evidence of misconduct similar to the charged offense may be admitted when it is sufficiently similar to support an inference of a plan, scheme, or system. See *People v Dobek*, 274 Mich App 58, 90-91; 732 NW2d 546 (2007). That is, past conduct is admissible when "the defendant allegedly devised a plan and used it repeatedly to perpetrate separate but very similar crimes." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000) (quotation marks and citation omitted). Here, there was substantial evidence that defendant committed the previous similar thefts in the same manner as in the instant case, then resisted apprehension. In one of the other incidents, defendant resisted the officers by violently kicking the interior of the patrol car while being transported. The trial court therefore did not abuse its discretion by admitting the evidence to prove a plan or system.

## D. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also contends that he is entitled to a new trial because defense counsel at trial was ineffective. We disagree.

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that (1) defense counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). The defendant must overcome the "strong presumption" that counsel's performance was part of a sound trial strategy. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Defense counsel's conduct does not fall below an objective standard of reasonableness if this Court can conceive of a legitimate strategic reason for that conduct. *People v Clark*, 330 Mich App 392, 427; 948 NW2d 604 (2019). When reviewing an assertion of ineffective assistance of counsel, we review the trial court's findings of fact for clear error, while reviewing questions of law de novo. *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018). When there has been no evidentiary hearing on the question of ineffective assistance held before the trial court, our review is limited to mistakes that are apparent on the record. *Id*.

### 1. EMERGENCY SERVICES WITNESS

Defendant contends that defense counsel was ineffective by acknowledging at trial that she had notice that the prosecution planned to call a witness from a company called Emergency Services, although the witness was not listed on the prosecution's witness list. At trial, Robert George, the owner of Emergency Services, testified that his company evaluated a police patrol car that was damaged on the interior rear door. Defendant does not contend that the witness should not have been permitted to testify, but instead argues that defense counsel's statement that she had

notice of this witness hindered the chance of success of defendant's motion to suppress the admission of a document that memorialized the damage to the patrol car. Defendant's argument assumes that defense counsel was incorrect when she said that she had notice of the witness, but defendant has not established that defense counsel did not have such notice. Defendant therefore has failed to establish the factual predicate on which his ineffective assistance claim is based. See *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Defendant also fails to establish that there is a reasonable probability that the outcome of the motion to suppress, let alone the trial, would have been different had defense counsel stated that she did not have notice of this witness. See *Trakhtenberg*, 493 Mich at 51. Given the ample evidence that defendant damaged the patrol car, defendant has not established that there is a reasonable probability that the outcome of the proceedings would have been different absent defense counsel's acknowledgment that she knew the witness would testify. See *id*.

## 2. SHOW-UP IDENTIFICATION

Defendant also contends that defense counsel at trial was ineffective for failing to object to the show-up identification procedure. Defendant does not identify any specific reason that the identification was inadmissible in this case, but suggests that defense counsel should have objected to the show-up as generally unreliable. Because defendant does not explain the reason why the show-up identification in this case was allegedly inadmissible, defendant has failed to establish that defense counsel's representation fell below an objective standard of reasonableness. In addition, defendant has not established that there is a reasonable probability that the outcome would have been different if defense counsel had objected to the admission of the show-up evidence. See *Trakhtenberg*, 493 Mich at 51. At trial, the prosecution presented substantial evidence that defendant was the individual who committed the charged theft, including a video recording of the incident at Walmart. Defendant thus has not demonstrated that counsel was ineffective for failing to object to the identification from the show-up.

## 3. OTHER ACTS EVIDENCE

Defendant also contends that defense counsel was ineffective because she failed to object to the evidence of defendant's other shoplifting incidents. He argues that although the prosecution provided notice that it intended to introduce evidence of prior instances in which defendant shoplifted alcohol, his counsel should have objected because the prosecution failed to provide notice that it intended to introduce evidence that defendant kicked the inside of a police car when he previously was apprehended.

Under MRE 404(b)(2), if the prosecution seeks to introduce evidence of the defendant's other crimes, wrongs, or acts, the prosecution shall

> provide written notice at least 14 days in advance of trial, or orally on the record later if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence.

In this case, the prosecution provided notice that it planned to introduce testimony regarding "the defendant selecting alcohal [sic] and fleeing" from both Meijer and Speedway, with references to the case numbers for those incidents. Defense counsel objected to the admission of the other-acts evidence. However, defendant argues that defense counsel should have objected specifically to testimony that defendant kicked a patrol car during a prior incident because that testimony was outside the scope of the prosecution's notice. MRE 404(b)(2) requires that the prosecution provide notice "of the general nature of any such evidence." Defendant has not established that this objection would have been meritorious, as the prosecution provided notice of the "general nature" of the evidence. See MRE 404(b)(2). Defense counsel is not required to advocate a meritless position or raise a futile objection. *People v Savage*, 327 Mich App 604, 617; 935 NW2d 69 (2019).

### 4. CLOSING ARGUMENT

Defendant also contends that defense counsel at trial was ineffective when she stated to the jury during her closing argument that regarding the evidence of defendant's prior shoplifting incidents "you can do with that information whatever you want." Defendant argues that defense counsel thereby urged the jury improperly to consider the evidence as propensity evidence. Trial counsel's decision concerning what evidence to discuss during closing argument is presumed to be a matter of trial strategy. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). When read in the context of the full closing argument, defense counsel's statement was not encouragement for the jury to consider the evidence for an improper purpose. Rather, the statement suggests a strategy of downplaying the importance of the evidence of defendant's prior shoplifting incidents. Moreover, the jury is presumed to follow the instructions given by the trial court, *People v Stevens*, 498 Mich 162, 177; 869 NW2d 233 (2015), and defense counsel in her closing argument encouraged the jury to follow the trial court's instructions, stating that if her statements contradicted the law provided by the judge, the jury should follow the judge's instructions.

Defendant also challenges defense counsel's decision to not address during closing argument the evidence that defendant previously kicked a patrol car. Again, defense counsel's choice of what to include in her closing argument is presumed to be sound trial strategy, and defendant has not overcome this presumption. Defense counsel's decision to downplay this evidence by omitting it from her closing argument is understandable. Because we can conceive of a legitimate strategic reason for defense counsel's conduct, the conduct did not fall below an objective standard of reasonableness. See *Clark*, 330 Mich App at 427.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates