*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JIMMIE DOYLE KILGORE, JR.,

        Defendant-Appellant.

FOR PUBLICATION

October 16, 2024
10:25 AM
No. 365881
Kent Circuit Court
LC No. 21-008959-FC

Before: SWARTZLE, P.J., and REDFORD and FEENEY, JJ.

REDFORD, J. (*concurring in part and dissenting in part*).

I concur with the majority's opinion that the trial court erred by considering acquitted conduct when imposing an upward-departure sentence for defendant's carrying-a-concealed-weapon (CCW) conviction in contravention of *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). I respectfully dissent from the portion of the majority's opinion which vacates defendant's conviction of carrying a firearm during the commission of a felony (felony-firearm). Instead, I would remand this case for a *Ginther*[1] hearing.

To establish a claim of ineffective assistance of counsel, defendant must prove that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defense counsel's performance prejudiced defendant if "it is reasonably probable that, but for counsel's ineffective assistance, the result of the proceeding would have been different." *Id*.

As an initial matter, I agree with the majority that defense counsel's failure to request a self-defense and defense-of-others instruction for felony-firearm was objectively unreasonable. See *id*. Although there may be conceivable reasons not to request even relevant instructions, defense counsel expressly admitted in a postconviction affidavit that his failure to request the self-

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

defense and defense-of-others instruction "was not a matter of trial strategy; rather, it was a matter of focusing on the murder charges." Defendant was entitled to instructions on self-defense and defense-of-others on the felony-firearm charge. Defense counsel admittedly overlooking such instructions when the entire defense strategy focused on self-defense and defense-of-others was objectively unreasonable. See *People v Leffew*, 508 Mich 625, 646; 975 NW2d 896 (2022).

However, on the second element of ineffective assistance of counsel, I would conclude that remand to the trial court is necessary for development of the record. Because no *Ginther* hearing was held in the trial court, our review is limited to errors apparent on the record. *People v Putman*, 309 Mich App 240, 246; 870 NW2d 593 (2015).[2] On appeal, defendant argues that defense counsel's performance resulted in prejudice because the jury acquitted defendant on the charges on which the trial court expressly instructed that self-defense and defense-of-others applied. In response, the prosecution argues that, when viewed as a whole, the jury instructions fairly conveyed to the jury that the instructions were applicable to the felony-firearm charge.

The record before this Court demonstrates that defendant was acquitted of two murder charges, but convicted of felony-firearm, a charge predicated on him having committed a murder. The acquittal on the murder charges but not the offense predicated on those murders is practically inconsistent. Inconsistency alone, however, is not sufficient to question the validity of a conviction. See *id.* at 251. The majority concludes that the record supports a finding of outcome-determinative error based on the risk of jury confusion. Indeed, the jury was instructed that self-defense and defense-of-others instructions were not applicable to CCW. However, felony-firearm was not specifically mentioned when the trial court expressly instructed the jury that the defenses did not apply to CCW. The majority explains that the jury may have understood the instructions to also apply to felony-firearm because the charge shares a possessory quality with CCW. Given the limited record on appeal, I am unable to conclude that trial counsel's performance resulted in outcome-determinative prejudice. Instead, I would remand this case for a *Ginther* hearing so that the trial court has an opportunity to first consider the parties' prejudice arguments. The trial court, having sat through the trial, is in the best position to hear these arguments and develop the record on this issue.

I would remand for a *Ginther* hearing and retain jurisdiction.

/s/ James Robert Redford

---

[2] This Court previously denied defendant's motion to remand for a *Ginther* hearing without prejudice and, in lieu of remand, accepted defense counsel's postconviction affidavit as an addition to the record. *People v Kilgore*, unpublished order of the Court of Appeals, entered January 26, 2024 (Docket No. 365881).