*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANTON JOHANN SCHUSTER, JR.,

      Defendant-Appellant.

UNPUBLISHED
January 27, 2025
9:17 AM

No. 365914
Lapeer Circuit Court
LC No. 2021-014052-FH

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for three counts of fourth-degree criminal sexual conduct (CSC), MCL 750.520e (multiple variables). Defendant was sentenced to 90 days in jail and five years' probation for each count of CSC, and sex offender registration. We affirm.

This case arises out of defendant's conduct with victim, FN, in Columbiaville, Michigan, on September 6, 2020. Defendant and FN were both present at a property to celebrate Labor Day weekend and the marriage of defendant's mother to the property owner, Leonard Wranosky. FN was close friends with multiple relatives of the property owner and had visited the property numerous times. FN alleged that she met defendant the night of September 5, 2020, at a bonfire on the property. She was 19 at the time, but had consumed six alcoholic drinks over the course of the day. Defendant had been drinking as well. FN went to sleep in a camper with several members of the Wranosky family. She shared a room with three other people, and was sharing a bunk with one.

FN alleged that she awoke at around 2:00 a.m. to defendant touching her breast multiple times. He was pressed up against her, including his groin. She told him to get out of the bed and then he left the camper. She was frightened, and ended up being driven to a friend's house to spend the rest of the night. On September, 7, 2020, FN reported that defendant had sexually assaulted her.

-1-

Defendant was arrested and charged with three counts of CSC. After he was found guilty and sentenced, defendant filed a motion for a *Ginther*[1] hearing and for a new trial. He argued that he was denied effective assistance of counsel because his trial counsel failed to explain the plea offers he received and did not call defendant's wife as an alibi witness. The trial court granted defendant a *Ginther* hearing. Defendant's trial counsel testified at the *Ginther* hearing and stated that he had informed defendant of the potential plea offers made by the prosecution. The prosecution made a formal offer that would dismiss two counts of fourth-degree CSC in exchange for defendant pleading guilty to one count of fourth-degree CSC. Defendant was concerned with keeping his physical therapy license, and his trial counsel believed that this plea offer would lead to some kind of sanction on defendant's license. Trial counsel also informed defendant that he would have to register as a sex offender under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*

Trial counsel stated that he did not call defendant's wife to testify because she could not account for defendant's location at the time of the incident. Additionally, he was concerned that she would give perjured testimony. Trial counsel also did not call defendant during the trial because defendant stated that he could not remember anything because of his alcohol consumption. Defendant did assert that he had not committed any of the alleged charges. At the *Ginther* hearing, defendant stated that he would have taken a plea that allowed him to keep his license and that he wanted his wife to testify at trial. Defendant continued to state that he was innocent throughout the *Ginther* hearing. The trial court found defendant to not be a credible witness and that he failed to establish that his trial counsel was ineffective. Defendant now appeals.

Defendant argues that he was denied effective assistance of counsel because his trial counsel did not adequately communicate plea offers and their consequences. We disagree.

Whether a defendant has had effective assistance of counsel is a question of both fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Findings of fact are reviewed for clear error and questions of constitutional law are reviewed de novo. *Id*. Findings of fact are clearly erroneous if the reviewing court is "left with a definite and firm conviction that a mistake was made." *People v Thigpen*, __ Mich App __, __; __ NW3d __ (2023) (Docket No. 360351); slip op at 4 (citation omitted).

The United States and Michigan constitutions entitle criminal defendants to assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. This guarantees the right to effective assistance of counsel. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The defendant must identify their counsel's specific actions that constitute ineffective assistance. *Id*. at 690. It is presumed that counsel is effective, so the defendant bears the burden of proving any deficiency. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). To establish ineffective assistance of counsel, the defendant must show "(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). If counsel does not meet an "objective standard of professional reasonableness," their performance is deficient. *People v Otto*, __ Mich App __, __; __ NW3d __ (2023) (Docket No. 362161); slip op at 5 (citation omitted). An attorney

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

may be deemed ineffective if they fail to conduct a reasonable investigation or otherwise educate themselves. *People v Ackley*, 497 Mich 381, 391; 870 NW2d 858 (2015). Prejudice exists if there is a reasonable probability that the result of the proceeding would have been different if not for counsel's errors. *Randolph*, 502 Mich at 9.

A defendant's right to effective assistance of counsel extends to the plea bargain process. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). The defendant's counsel must explain plea offers and their consequences in enough detail for the defendant to make an informed choice. *People v Thurmond*, __ Mich App __, __; __ NW3d __ (2023) (Docket No. 361302); slip op at 14. The defendant must be made aware of the direct consequences of a plea, which includes registration as a sex offender. *People v Fonville*, 291 Mich App 363, 392; 804 NW2d 878 (2011). To demonstrate that counsel's performance was deficient in the context of a plea offer, the defendant must show that the outcome of the plea process would have differed with competent assistance. *Douglas*, 469 Mich at 592. If the defendant alleges that prejudice stems from their rejection of a plea offer and decision to stand trial, the defendant must show that they would have accepted the plea, the prosecution would not have withdrawn it, the court would have accepted the plea, and that the sentence would have been "less severe than under the judgment and sentence that in fact were imposed." *Id*. (citation omitted).

Here, defendant has the burden in demonstrating that his trial counsel's performance was deficient because he did not adequately explain the ramifications of the plea offers. *Head*, 323 Mich App at 539. Trial counsel's performance was not objectively deficient. *Randolph*, 502 Mich at 9. Defendant alleged that his trial counsel failed to adequately explain how the plea offers would potentially impact his physical therapy license and the requirements to register under SORA. Trial counsel testified that he was aware of defendant's licensing concerns throughout the process and encouraged defendant to reach out to attorneys that specialized in this area of law. There was only one plea offer on record from the prosecution: a guilty plea to one count of fourth-degree CSC. Defendant claims he was unaware of this offer. But the trial court stated that it found defendant to not be a credible witness. This Court defers to the trial court's determinations of witness credibility. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). There is nothing to indicate that defendant was unaware of the plea offer for one count of fourth-degree CSC besides his testimony. Based on the trial court's determination of witness credibility, we accept that defendant was aware of this offer. Trial counsel stated that he advised defendant that this offer would require him to register as a sex offender and would impact his license.

We agree that trial counsel adequately explained the plea offer and its consequences to defendant. *Thurmond*, __ Mich App at __; slip op at 14. Defendant was likely aware of the direct consequences of the plea offer because his trial counsel told him the consequences: that he would have to register as a sex offender and that his physical therapy license would be impacted. *Fonville*, 291 Mich App at 392. Defendant claimed that his trial counsel had not advised him to speak with an attorney who specialized in licensing. There is no other evidence in the record besides the testimony of trial counsel and defendant on this point. Deferring to the witness credibility determinations of the trial court, we accept the conclusion that defendant had been advised to speak with an attorney who specialized in licensing. *Cress*, 468 Mich at 691. Additionally, defendant does not allege on appeal that his trial counsel provided ineffective assistance of counsel by failing to consult with an attorney more versed in licensing. Trial counsel sufficiently investigated the issue of defendant's licensing and sex offender registration to

recognize that there would be consequences to defendant pleading guilty. *Ackley*, 497 Mich App at 391. Trial counsel's performance did not fall below that of a reasonable attorney, and therefore, his performance was not objectively deficient. *Otto*, __ Mich App at __; slip op at 5.

Moreover, even if trial counsel's performance was objectively deficient, defendant fails to show that he was prejudiced by this error. *Randolph*, 502 Mich at 9. Defendant has not demonstrated that the outcome of the plea process would have been different had his trial counsel explained that the plea would have led to nonpublic registration. *Douglas*, 469 Mich at 592. While defendant alleged that he would have taken the plea if he had fully understood it, it is not clear that the court would have accepted his plea. Defendant continued to maintain his innocence during the *Ginther* hearing. The court may not accept a guilty plea unless the plea is accurate. *People v Moss*, 509 Mich 253, 260; 984 NW2d 23 (2022); MCR 6.302(A). To do so, it must establish a finding that defendant is guilty. *Moss*, 509 Mich at 260; MCR 6.302(D)(1). Defendant stated that he would not have told the trial court that he had committed fourth-degree CSC. The trial court could not have accepted defendant's plea because there would be no factual basis for finding defendant guilty. *Moss*, 509 at 260; MCR 6.302(D)(1). Therefore, defendant cannot show that the outcome of the plea process would be different. *Douglas*, 469 Mich at 592. Defendant was not denied effective assistance of counsel because his trial counsel communicated the plea offer to defendant and defendant maintained his innocence.

Defendant additionally argues that his trial counsel's failure to call defendant's wife as a witness constituted ineffective assistance of counsel. We disagree.

The *Strickland* standard still applies when an ineffective assistance of counsel claim is based on the failure to call a witness. See *People v Urbanski*, __ Mich App __, __; __ NW3d __ (2023) (Docket No. 359011); slip op at 11 (stating that the Michigan Supreme Court has repeatedly held that it is unacceptable to apply another standard to claims of ineffective assistance of counsel).

Counsel must have wide latitude to make decisions. *Strickland*, 466 US at 689. There is a strong presumption that counsel's actions are sound trial strategy. *Ackley*, 497 Mich at 388. "This Court does not second-guess counsel on matters of trial strategy." *People v Traver*, 328 Mich App 418, 422; 937 NW2d 398 (2019). Decisions about calling and questioning witnesses are presumably matters of trial strategy. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). Strategic decisions are reviewed from the perspective of counsel at the trial, not with hindsight. *Strickland*, 466 US at 689. This Court must determine if a strategy was based on an incomplete investigation, as it will only be reasonable to the "extent that reasonable professional judgments support the limitations on investigation." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation omitted). If a strategic decision is reasonable, counsel acted effectively. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007).

Defendant identified trial counsel's failure to call defendant's wife as a witness as evidence of ineffective assistance of counsel. *Strickland,* 466 US at 690. Defendant bears the burden of showing the deficiency of his trial counsel. *Head*, 323 Mich App at 539. Defendant argued that his trial counsel was ineffective by not calling defendant's wife to testify because she provided defendant with an alibi by identifying when he returned to their camper. Trial counsel's decision to not call defendant's wife as a witness was presumably a matter of trial strategy. *Putnam*, 309 Mich App at 248.

Examining trial counsel's decision to not call defendant's wife from his perspective at trial, there is no indication that the decision was unreasonable. *Strickland*, 466 US at 689. Trial counsel stated that he did not call defendant's wife because she could not account for the relevant time, did not add anything to the defense, and would potentially present false testimony. Defendant did not provide any support to his allegation that his trial counsel acted negligently in making these decisions. *Head*, 323 Mich App at 539. Trial counsel's performance did not fall below an objective standard of professional reasonableness by refusing to call defendant's wife to testify. *Otto*, __ Mich App at __; slip op at 5. While trial counsel's investigator did not meet with defendant's wife, trial counsel had spoken with her. His decision to not further investigate her was based on defendant's indication that there was no one who could provide an alibi for him. It was reasonable for trial counsel to limit his investigation in this regard. *Trakhtenberg*, 493 Mich at 52. Additionally, it was reasonable for him to make the strategic decision not to call defendant's wife as a witness based on his concerns, and therefore, trial counsel provided effective assistance of counsel. *Cline*, 276 Mich App at 634, 637.

Even if trial counsel's decision to not call defendant's wife as a witness falls below a professional standard of reasonableness, defendant has failed to show that he was prejudiced by this decision. *Randolph*, 502 Mich at 9. Based on the affidavit of defendant's wife, she would merely testify that she had let defendant into their camper at about 12:20 a.m. on September 6, 2020. According to the testimony of FN, she was assaulted closer to 2:00 a.m. This leaves approximately an hour and a half that his wife's affidavit does not account for his whereabouts. There is not a reasonable probability that her testimony would have changed the outcome of the proceeding. *Id*. Therefore, defendant's right to effective assistance of counsel was not violated by his trial counsel's decision not to call defendant's wife to testify.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron