*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HERBERT ALOYSIOUS BENEDETTI,

        Defendant-Appellant.

UNPUBLISHED
May 08, 2026
11:49 AM

No. 372400
Midland Circuit Court
LC No. 2023-009244-FH

Before: KOROBKIN, P.J., and RIORDAN and MARIANI, JJ.

PER CURIAM.

Defendant appeals as of right his concurrent sentences as a habitual offender, fourth offense, MCL 769.12, of 46 months to 15 years' imprisonment for assaulting, resisting, or obstructing an officer, MCL 750.81d(1), and 46 months to 30 years' imprisonment for third-degree fleeing and eluding, MCL 257.602a(3). We affirm.

## I. BACKGROUND

Defendant was observed driving a van without a license plate and refused to stop when an officer attempted to initiate a traffic stop. The officer initially pursued defendant but eventually was directed to terminate the pursuit in light of the danger that it presented to those involved and the community at large. The officer later identified the same van in the parking lot of a local bar. The officer approached the van, and defendant refused to exit. A fight between the two ensued when the officer attempted to drag defendant out of the van. The jury ultimately convicted defendant of the two offenses noted above.

The sentencing guidelines provided for minimum terms of five to 46 months' imprisonment for the resisting conviction and 10 to 46 months' imprisonment for the third-degree fleeing conviction. Trial counsel for defendant asked the trial court to impose a sentence near the low end of the guidelines range and stated that the court had almost as much information about the "situation" as he did. However, the trial court sentenced defendant to a minimum of 46 months' imprisonment for each offense, with credit for 375 days served, reasoning that "you got a long history of -- of doing this and fighting the police. And so, I do think that a sentence to the Department of Corrections is appropriate."

Defendant, now represented by appellate counsel, moved to correct an invalid sentence under MCR 6.429, arguing that his sentence should be vacated because trial counsel failed to investigate and present mitigating information at sentencing. The motion was accompanied by a mitigation report containing additional information, beyond the information reflected in the PSIR, that defendant believed should have been presented to the trial court. In essence, the mitigation report described defendant's difficult childhood, struggles with substance abuse and mental-health issues, and ongoing attempts to become a responsible citizen.

At the motion hearing, the trial court explained that it reviewed the mitigation report but did not find that the information contained therein would have made a difference in its sentencing decision. The trial court added that defendant had an extended history of negative interactions with law enforcement and that the type of information available in the mitigation report might have made a difference had defendant been a first-time offender. According to the trial court:

> [T]here is some more information that is more in depth than was in the pre-sentence report. But much of the history of Mr. Benedetti is already known to the Court through the pre-sentence report. There is additional information in the mitigation report. I -- I certainly understand that, statements from family, from Mr. Benedetti also.
>
> But you know, as the Court is aware . . . Mr. Benedetti was on bond for domestic violence against his sister . . . at the time that he was arrested for the present offense, this offense that he was convicted and -- and sentenced on. And it was a domestic violence for -- you know, she's blind and deaf, and he grabs her by the face and smacks her in the face. . . .
>
> * * *
>
> The health issues that, you know, Mr. Benedetti is -- has been dealing with ongoing, help has been available, and the Court's (inaudible) Mr. Benedetti has not been amenable to consistently ever taking advantage of those things that were offered to him.
>
> And so again, you know, he has a long history also of interaction with law enforcement, of you know, being hostile, sometimes violent. So, those are things that, you know, it's also about the offender, not just the offense. In -- in Mr. Benedetti's case, he has, you know, a history of, I don't know, almost 20 prior convictions, several felonies, many more misdemeanors.

Finally, the trial court opined that trial counsel performed sufficiently, and it denied the motion to correct an invalid sentence.

Defendant now appeals.

## II. ANALYSIS

## A. PROPORTIONALITY

Defendant first argues that his sentence at the top of the guidelines is disproportionate because it did not account for potentially mitigating information such as his family history, health challenges, and community service. We disagree.

Sentences imposed by trial courts are reviewed for abuse of discretion. See *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). Generally, "[a] trial court's factual determinations at sentencing are reviewed for clear error and need only be supported by a preponderance of the evidence." *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (quotation marks and citation omitted).

Sentences must be reasonable, and whether a sentence is reasonable is guided by the principle of proportionality set out in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 471. Under *Milbourn*, sentences imposed by the trial court must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 474 (quotation marks and citation omitted). The sentencing guidelines are "advisory in all applications." *Id*. at 466. Yet, the trial court must "consult the applicable guidelines range and take it into account when imposing a sentence." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). A presumption of proportionality is applied to within-guidelines sentences, and the defendant bears the burden of demonstrating that his or her sentence is disproportionate or unreasonable. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023). "[T]rial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019).

Initially, we note that much of the information provided in defendant's post-sentencing motion was either presented in the PSIR or discussed at trial. For example, the PSIR contained information concerning the fact that defendant volunteered at a local shelter where he occasionally resided. His disabilities are reflected in the PSIR. The fact that defendant was living in a van at the time of the instant offenses was mentioned at trial. Additionally, the PSIR described his substance use and alcohol history, including an attempt to engage in treatment in 2010. While the trial court was not required to expressly discuss these potentially mitigating facts at sentencing, see *id*., there is no suggestion that the trial court was not actually aware of these facts before imposing sentence.

More importantly, defendant has not satisfied his burden of demonstrating that his presumptively proportionate, within-guidelines sentence is disproportionate to his offense or his circumstances as an offender.[1] As the trial court accurately indicated during sentencing, defendant

---

[1] For the reasons explained *infra*, this is true even when considering the information provided in the post-sentencing mitigation report.

has an extended history of similar conduct involving combative behavior or resisting authorities.[2] In total, according to the PSIR, defendant had 12 misdemeanor convictions and eight felony convictions, resulting in a total of five prison sentences. Further, when defendant committed the instant offenses, he was on bond for a domestic-violence incident against his blind-and-deaf sister. Additionally, the underlying criminal conduct in the present case was particularly dangerous not only to the officer primarily involved but to members of the community as well, as defendant fled through residential neighborhoods at an excessive speed in his van. Simply put, given defendant's lengthy, ongoing criminal history, as well as the danger in which he put members of the community by speeding through residential neighborhoods, he has not shown that the trial court's within-guidelines sentence was disproportionate or unreasonable even in light of his allegedly mitigating facts.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that trial counsel's performance fell below an objective standard of reasonableness because counsel failed to investigate and present mitigating facts at sentencing, and that he was prejudiced by counsel's performance in this regard. We disagree.

Because the trial court did not conduct a *Ginther*[3] hearing, our review of this claim is limited to mistakes apparent on the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing Const 1963, art 1, § 20; US Const, Am VI. "This right guarantees the effective assistance of counsel." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). To prevail on a claim of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that that outcome would have been

---

[2] Defendant argues that the trial court misconstrued his criminal history to find him a more serious offender than his record would suggest. In this regard, defendant observes that the only other time he was convicted of resisting arrest was in 1992. However, the PSIR notes significant conduct that generally amounts to resisting the administration of justice, or otherwise violent or disruptive behavior. In particular, defendant was released on bond after pleading no contest to domestic violence in 2022, and the PSIR describes that defendant was uncooperative and his "demeanor was aggressive" when he was arrested for that offense. He pleaded guilty to aggravated stalking in 2018. He pleaded no contest to assault and battery in 2011, and the PSIR noted that he failed to appear for trial. He pleaded no contest to aggravated assault in 2010. During a term of parole beginning in 2001, defendant committed multiple parole violations. Defendant also was found in contempt of court for failing to appear at jail for an offense to which he pleaded no contest in 2001. Given these facts, the trial court did not err or otherwise abuse its discretion in finding that defendant had a lengthy history of criminal conduct similar to the conduct for which he was currently being sentenced.

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

different." *Id.* (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quotation marks and citations omitted). "Defendant also bears the burden of establishing the factual predicate for his claim." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted).

"[A] defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52. However, "[c]ounsel always retains the duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* (quotation marks and citation omitted). If counsel fails to exercise reasonable professional judgment in deciding to forgo particular investigations relevant to the defense, his or her representation of a defendant falls below an objective standard of reasonableness. *Id.* at 53.

Here, defendant claims that trial counsel unreasonably failed to investigate his background before sentencing to find mitigating information. However, the PSIR itself was thorough and contained several potentially mitigating facts regarding defendant, such as a description of his family life, his volunteer activities, and his struggle with substance abuse. Arguably, it was reasonable for trial counsel to determine that, after reviewing the PSIR, additional investigation for mitigating facts was unnecessary. See *id*. at 52.

Nevertheless, even assuming that trial counsel's failure to investigate or present mitigating information at sentencing constituted unreasonable performance, defendant has not demonstrated that he was prejudiced by it. At the hearing on his motion to correct an invalid sentence, the trial court stated that the information contained in the mitigation report would not have changed its determination of the appropriate sentence in this case. The trial court discussed the relevant facts of the case and defendant in detail and explained that given his criminal history, inability to successfully engage with substance-abuse treatment over the years, and the fact that he was released on bond for domestic violence when the instant offenses occurred, the mitigation report would not have affected its sentence. Thus, defendant has not established a reasonable probability that but for trial counsel's failure to investigate and present such information to the trial court at sentencing, he would have received a different sentence. *Yeager*, 511 Mich at 488. Therefore, defendant has not established his ineffective-assistance claim.

## III. CONCLUSION

The trial court did not err or otherwise abuse its discretion by imposing a minimum term of 46 months' imprisonment for each offense. Moreover, defendant is not entitled to relief for any alleged ineffective assistance of counsel. We affirm.

/s/ Daniel S. Korobkin
/s/ Michael J. Riordan
/s/ Philip P. Mariani